REBECCA A. PINCKNEY, Appellant, v. DAVID B. HEGEMAN, Sheriff, etc., Respondent.

The Supreme Court has jurisdiction and full control over its own process, and may set aside an execution against the person, issued upon a judgment therein, after an arrest and imprisonment of the judgment debtor under and by virtue of the execution.' Although by such arrest and imprisonment the execution is completely executed, yet it is not annulled. The writ is still the authority justifying the detention of the prisoner, and an order setting it aside takes away that authority and obligates his release.

Such an order, valid upon its face, is a justification to the sheriff for the release.

*Bullymore* v. *Cooper*, 46 N. Y., 236, distinguished.

(Argued January 31, 1873; decided May 21, 1873.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, affirming a judgment in favor of defendant entered upon the decision of the court, upon trial at circuit, without a jury.

This action was brought against defendant, as sheriff of Montgomery county, for an alleged escape on the 4th June, 1866.

Plaintiff recovered judgment against one Peter W. Wagner in the Supreme Court. About the 12th April, 1869, said Wagner was arrested by defendant and committed to jail upon an execution against the person, issued upon said judgment. He gave bail for the liberty of the jail. Afterwards, and upon the 29th April, 1869, upon application of said Wagner, without notice, the following order was granted:

"It appearing to me on the affidavit of the defendant, Peter Wagner, that on or about June 4, 1866, a judgment was obtained against one Peter W. Wagner in the above cause; that since that time the said Peter Wagner has obtained a discharge from all his debts and from imprisonment thereunder, as appears by the certified copy of the said Peter Wagner's discharge under the two-third act presented to me on this motion; and it further appearing that on or about the

7th day of April, 1869, an execution against Peter W. Wagner was issued to the sheriff of the county of Montgomery upon said judgment; and that on the 12th day of April, 1869, the said Peter Wagner was taken into custody under said execution by said sheriff, although said discharge was presented to him : Now, on motion of Augustus Sherman, of counsel for defendant, Peter Wagner, it is hereby ordered that the execution against the person of said Wagner be and the same is set aside, and all proceedings thereunder be and are enjoined; and that the said Peter Wagner be discharged from the custody of the sheriff and from the limits; and that all proceedings taken by the sheriff be vacated, and the bond given by said Peter Wagner and sureties be canceled. This order to be without prejudice to the plaintiff in said action to take all proper proceedings upon the said judgment; and the affidavit used on this motion to be filed, and this order entered in the county where the venue of said action is."

Immediately on the presentation of this order to the defendant he permitted Wagner to go at large.

The court decided that the order of April 29th, 1869, above set out, was a protection to the defendant, and directed that the complaint be dismissed.

*L. M. Bates* for the appellant. The Supreme Court had no general jurisdiction to make the order of April 29, 1869, and it was no protection to the defendant. (2 R. S., 196; S. L., 1847, ch. 280; 2 R. L. of 1813, App. Nos. 5 and 6; Graham's Pr., 21; 1 Monell's Pr., 10; Dyer's R., 296, *b; Thursland's Case,* Dyer, 162, *b;* id., 59; Bend. Pl., 267; 1 Roll. Abr., 808 *l,* 19; Com. Dig., title Escape [*C*]; 48 Geo. III, ch. 123; *Cooper* v. *Bliss,* 3 Moore & S., 797; *Curtis* v. *Rickards,* 3 M. & G., 200; 3 Scott N. R., 646; *Pearce* v. *Skaif,* 6 M., G. & S., 200; *Green* v. *Green,* 12 L. J. Ch., 114; *Van Slyke* v. *Taylor,* 9 J. R., 146; *Cable* v. *Cooper,* 15 id., 152.) The order having been made without jurisdiction is void. (*Spencer* v. *Barber,* 5 Hill, 568; *Corwithe* v. *Griffing,* 21 Barb., 9; Bouvier's Law Dic., tit. Juris., § 5;

*Elliot* v. *Piersol*, 1 Pet., 341; *Whiteman* v. *Karsner*, 20 Ala., 446.) It was the duty of defendant to satisfy himself that the court had jurisdiction. (Sewell's Law of Sheriff, 444; Dalton's Sheriff, 483; Bacon's Abr., tit. Escape, B. 2; *Colston* v. *Ross*, Cro. Eliz., 893; *Hooper* v. *Lane*, 10 Ad. & El., 546, 559; *People* v. *Cowles*, 4 Keyes, 38; *Bullymore* v. *Cooper*, 46 N. Y., 236, 242.) As defendant justifies himself by the order alone, it should, in itself, show enough to constitute a complete defence. (*Bush* v. *Pettibone*, 5 Barb., 273, 277; S. C., 4 Comst., 300; 12 Mass., 319; *Bullymore* v. *Cooper*, 46 N. Y., 236.) The execution was completely executed before the making of the order, and therefore the clause in the order setting it aside is void. (*Sherritt* v. *Campbell*, 2 Wend., 287; Willis, 280; *Owen* v. *Owen*, 2 Barn. & Adol., 805; Allen on Sheriffs, 219; Phil. on Ev., 450; *Murray* v. *Cooper*, 3 J. J. Marsh, 226; *Wood* v. *Morehouse*, 45 N. Y., 376; *Sturgis* v. *Read*, 2 Greenl., 109.)

*H. B. Cushney* for the respondent. If the Supreme Court had jurisdiction to make the order of April 29, 1869, it was a good defence for defendant. (*Cantillon* v. *Graves*, 8 J. R., 472; *Hart* v. *Du Bois*, 2 Wend., 236; *Wilckens* v. *Willett*, 1 Keyes, 524; 5 Seld., 266; *People* v. *Bartlett*, 3 Hill, 570; *People* v. *Cushney*, 44 Barb., 118; *Wiles* v. *Brown*, 3 Barb., 37; *Martin* v. *Wood*, 7 Wend., 132.) The order is merely irregular, and is binding until set aside. (*Blackmar* v. *Van Inwager*, 5 How., 367; *Newcombs* v. *Reed*, 14 id., 100; *Hart* v. *Du Bois*, 21 Wend., 236; *Spencer* v. *Barber*, 5 Hill, 568; *Gould* v. *Root*, 4 id., 554.) If the plea of discharge under the insolvent act stated enough to give jurisdiction, it will be sufficient without stating all the proceedings. (*Hines* v. *Ballard*, 11 J. R., 491; *Rosevelt* v. *Kellogg*, 20 id., 208; *Frary* v. *Dakin*, 7 id., 75; *Cantillon* v. *Graves*, 8 id., 472.) Want of notice to the plaintiff would not make void the order. (*In re Patterson*, 4 How., 34; *Studwell* v. *Palmer*, 5 Paige, 166; *Hunt* v. *Wallis*, 6 id., 371; *Harris* v. *Clark*, 10 How., 415; *Davenport* v. *Sniffen*, 1 Barb., 223.)

Folger, J. It is conceded by the appellant that the order is not void because the motion for it was made without notice ; and it is further conceded by her that it is not void because it was granted in a county not within nor adjoining the judicial district in which the action was triable.

It is contended that the order is void, for that the Supreme Court has no general nor special jurisdiction to discharge from custody a defendant, who is held by an execution against his person, issued upon a final judgment against him.

This proposition, however, does not cover the whole case. The Supreme Court set aside the execution upon which, in this case, the defendant had been arrested and was held ; and the discharge from custody was consequent upon that. The court had jurisdiction of the action, and complete power and control over the proceedings and process in it ; and hence, it might set aside this execution as one of the proceedings, and as a process in the action. It did not simply or primarily discharge the defendant in the execution from his liability upon the judgment against him, or from imprisonment on the execution, leaving the writ a valid and subsisting process. In this, the case differs from the English cases, and kindred authorities cited by the appellant. It set aside the execution as irregularly issued, and then the defendant, Wagner, could not lawfully be kept in custody longer upon that process.

But it is claimed that, as the defendant had been arrested and was in custody, the execution had done its office, and the setting it aside, merely, did not affect the right and the duty of the sheriff to still hold the body of the defendant. We are not of that mind. The sheriff could not hold the body of the defendant, unless he could justify in an action brought against him by the defendant for false imprisonment. He could not justify unless he could show a valid subsisting process by which he had been commanded to take the body of the defendant, and was still empowered to hold it. And the test of whether he could permit the defendant to go at

large or not, after the arrest, is whether he had the process of the court or not, commanding him to hold the defendant. If he had process, he was bound to keep the prisoner. If he had not, he had no authority to keep him. But here the prisoner produced to the sheriff the order of the court setting aside its own process. The execution, so far as being a justification for further action of the sheriff, was at once as if it were not, and had never been. It gave no further protection to the sheriff. If he had been sued for false imprisonment, for after that detaining Wagner in custody, he would have had no writ to show for his justification. The order produced to the sheriff was made by a court having jurisdiction to grant it, and was valid upon its face, free from anything showing want of power, or disclosing a vitiating irregularity. It did not fall within the rule recognized in *Bullymore* v. *Cooper* (46 N. Y., 236 ).

It is true that the arrest of the defendant upon a *ca. sa.*, and the committing him to jail, is *per se* a complete execution of the writ. But it is not an annulling of it. The writ is still alive, to show and be the authority justifying the arrest and the continued holding of the body. The order of the court setting aside does not take away the authority by which the arrest was made, but does take away the authority for further detention, because it takes away the writ which would justify detention. So in making title to real estate, sold by a sheriff under the directions and authority of an execution against the real property; though by the proceeds of the sale it may have been satisfied, and may have been returned satisfied, and entry made upon the docket and upon the judgment roll, so that the judgment is satisfied of record; yet both judgment and execution remain as muniments of the purchaser's title.

Nor is the other position of the appellant tenable. It is to be presumed, it is said, that the sheriff had made a return of the execution, because it was his duty so to do. And *Sturgis* v. *Read, Adm'r* (2 Greenl, 109), is cited to show that an execution executed and returned cannot be set aside.

It needs not to consider whether this is so or not; for there is not room here for the presumption. The sheriff was bound to return the execution within sixty days after its receipt by him. It was not his duty to make return sooner than that. The allegations of the complaint and answer show that he received it on the 7th of April, 1869. He had until the seventh of June to make return. The proofs and the findings show that, on the twenty-ninth of April, the order was made setting aside the execution. The sixty days had not expired. And though we may presume that he did his duty at all times; we may not to his disadvantage, presume that he did it sooner than he was obliged to in this instance.

The judgment appealed from should be affirmed, with costs to the respondent.

All concur.

Judgment affirmed.