(39 Misc. Rep. 749.)

### WALKER v. HARDER, Sheriff.

(Supreme Court, Trial Term, St. Lawrence County.    February, 1903.)

**1. Sheriff—Liability for Escape.**
    Where a prisoner confined within the liberties of a jail on a body execution on a debt provable in bankruptcy procures a discharge in bankruptcy, and goes beyond the liberties. and remains there, the sheriff is not liable, as for an escape, to the execution creditor.

Action by John H. Walker against J. F. Harder, sheriff of St. Lawrence county, as for an escape.    Complaint dismissed.

Abbott & Dolan, for plaintiff.
George H. Bowers, for defendant.

KELLOGG, J.    One Hendrick, who was held within the liberties of the defendant's jail upon a body execution by the defendant sheriff, filed a petition in bankruptcy, and thereafter, in due proceedings had, obtained his discharge in bankruptcy, and thereupon, without the consent of the plaintiff or the defendant, went beyond the said liberties, and has not returned, and this action is brought against the sheriff as for an escape.    While the defendant did not discharge the imprisoned debtor, nevertheless, if the debtor was entitled to his discharge, that is a complete defense to the defendant.    Richmond v. Praim, 24 Hun, 579.    We do not find that this question has ever been passed upon directly by the courts.    In Maas v. O'Brien, 14 Hun, 95, where the debtor escaping from the limits had been adjudged a bankrupt, and was legally entitled to his discharge, but had never applied for it, a verdict for the amount of the execution

was set aside, the court saying that, in any event, only nominal damages could be recovered, and that, if the bankrupt was entitled to his discharge, the plaintiff was not entitled to recover. But when that case was decided the absolute irresponsibility of the judgment debtor was a fact mitigating damages, and that rule, so far as it applies to this case, has been changed by the Code of Civil Procedure (section 158). But so far as that case holds that the plaintiff was not entitled to recover at all, it tends to show that a discharge in bankruptcy is a complete defense.

It is conceded here that the plaintiff's judgment was a debt provable·in bankruptcy, and which, under section 1268 of the Code of Civil Procedure, after a year had elapsed from the time of said discharge, might be discharged of record, unless the fact of the judgment debtor's imprisonment at the time of the petition and discharge would otherwise prevent. It is urged by the plaintiff that°the judgment remained in full force so far as the imprisonment of the judgment debtor is concerned, and that the discharge in bankruptcy does not become complete as to said judgment until a year after it is granted. Code Civ. Proc. § 1268. We cannot agree with this position. The bankrupt law makes the discharge a complete release of all provable debts as soon as granted. The proceeding under that section of the Code to cancel the judgment of record is intended merely to remove from the record the extinct judgment where it otherwise might remain to the annoyance or prejudice of the discharged debtor or others. A sound public policy will not recognize that one citizen has a lien upon another, and that, therefore, this plaintiff had some right or control over the person of the said Hendrick which would make the plaintiff a secured creditor within the meaning of the bankrupt law. While the judgment debtor is imprisoned, such imprisonment is resorted to as a remedy to enforce the collection of the debt, which, under the circumstances of its origin, the law deems the debtor under more than ordinary obligation to discharge. As the imprisonment of the debtor is only a means to compel him to pay the judgment, it must follow that when the debt or judgment is discharged, and all legal obligation of the debtor absolved, there is no further reason for detaining him in prison. The object of the bankrupt law is remedial in its nature, to bring about a just distribution of the debtor's property among his creditors, and to relieve unfortunate debtors from their debts, and thus enable them to engage in business and become useful citizens. It would be a mere mockery to hold that the law frees the debtor from the legal obligation to pay the debt, but retains his person in prison until he pays that which he is under no legal liability to pay.

It cannot be that the fact that the debtor is imprisoned at the time the petition in bankruptcy is filed renders the judgment upon which he is imprisoned a debt not provable within the meaning of the bankrupt law. It is true that while the debtor is so in prison no execution against his property may issue, and all other rights of the creditor against the debtor for the collection of the debt are suspended, the imprisonment being deemed a temporary satisfaction; and that, unless the debtor dies in jail, the creditor consents to his release, or he

is released by provisions of law, the creditor can have no other affir-. mative means of collecting the debt. Koenig v. Steckel, 58 N. Y. 475. It may be that the imprisonment of the debtor is so far a temporary satisfaction of the debt that the judgment creditor could not, as a means of collecting his debt, be a petitioner to force the debtor into bankruptcy; but here the debtor himself pursues a remedy, namely, the proceeding in bankruptcy, to get rid of his debt. The fact that the creditor is having a temporary satisfaction of his judgment by the imprisonment of the debtor, and therefore cannot take other affirmative proceedings to collect his debt, does not deprive the debtor himself, who is in prison, from taking such affirmative and aggressive means to obtain release from his debts or imprisonment as he may deem proper. Pinckney v. Hegeman, 53 N. Y. 31. The debtor therefore had the right to file the petition in bankruptcy; and this debt, not being a secured one, was provable in bankruptcy, and is, consequently, discharged. The judgment being discharged, there was no warrant for keeping the judgment debtor in jail, and for his escape the defendant is not liable. The plaintiff has suffered no pecuniary loss by reason of the fact that Hendrick left the jail liberties, as Hendrick was not legally indebted to him. Formerly an imprisoned debtor discharged under the two-thirds act could apply to the court for his discharge from imprisonment. Pinckney v. Hegeman, 53 N. Y. 31. But under the provisions of the Code of Civil Procedure, where an imprisoned debtor is discharged under the state insolvent law, the sheriff must discharge him upon being furnished a certified copy of the discharge. Code Civ. Proc. § 2185. It would seem that a similar practice in case of a discharge in bankruptcy is both reasonable and proper. The defendant is therefore entitled to judgment for a dismissal of the complaint, with costs.

Judgment for defendant for a dismissal of complaint, with costs.