MARTIN & MARTIN *vs.* WOOD, sheriff, &c.

A defendant in a justice's court, who has given security on the ajournment
of a cause to *appear and answer*, and in default thereof *to pay* the debt or
damages and costs to be adjudged to the plaintiff, may be removed from the
limits of a jail to which he has been subsequently committed in another
cause, and brought before the justice on a *habeas corpus*, to save his surety
from liability; and such leaving of the limits will not subject the sheriff to
an action for an *escape*.

THIS was an action on the case, tried at the Dutchess cir-
cuit, before the Hon. JAMES EMOTT, late one of the circuit
judges.

The action was brought for the *escape* from prison of J. G.
Lasher, junior, a defendant in execution, at the suit of the
plaintiffs. He was committed to prison on the 28th of June,
1826. On the part of the defendant it was shewn that on the
same day that Lasher was committed to prison, he had been
arrested on a *warrant* issued from a justice's court, at the suit
of R. C. Massoneau and H. Teats, and brought before the jus-
tice, where he joined issue with the plaintiffs in that suit, and
obtained an adjournment until the 5th July, 1826, on giving
*security* that he would appear and answer at the time and
place of adjournment, and that in default thereof the surety
would pay the damages and costs which should be adjudged
to the plaintiffs in the suit. On the 5th July *Lasher* was
brought before the justice on a *habeas corpus*, which had been
allowed by a commissioner, by which the sheriff was com-
manded to have the body of Lasher detained in prison, under
his custody, under safe and secure conduct, before a justice's
court to be held before J. E. esquire, a justice of the peace, at
the house of P. De R. in the town of Redhook, in the county
of Dutchess, on the fifth day of July, at 10 o'clock in the fore-

noon, then and there to answer in the cause of Massoneau & Teats, against Lasher, and immediately after Lasher should have answered in that suit, to return him to prison under safe and secure conduct. Whilst Lasher was at Redhook, off of the limits of the jail, this suit was commenced. During his absence from the limits he was in the custody of a special deputy, and returned to the limits the same day he left them. The plaintiffs' counsel objected to the introduction of all the evidence given on the part of the defendant, but it was admit- by the judge, who decided that it established a perfect defence for the defendant, and directed the plaintiff to be nonsuited, with leave to apply to set the same aside.

*G. A. Shufeldt*, for the plaintiffs.

*A. Forbus*, for the defendant.

*By the Court*, SUTHERLAND, J.   No complaint is made of the manner in which the defendant executed the writ of *habeas corpus*. Lasher was carried before the justice, and returned to prison with all convenient despatch.   The only question is whether it was a case in which a writ of habeas corpus could properly be issued.   If it was, the officer who allowed the writ had jurisdiction, and the sheriff was bound to obey it, and will be protected.

The case discloses, that the suit against Lasher, before the justice, had been commenced by warrant, and that he had obtained an adjournment, under the 5th section of the act of 1824, page 281, and had given scurity *to appear* on the day to which the cause was adjourned, and in default of such appearance, to pay the debt or damages and costs which might be recovered against him.   Vide 1 R. L. 389, § 4, which contains a similar provision.   It has been held that the *appearance* here spoken of must be *a personal appearance of the party*, and not an appearance by attorney ; and that unless the defendant does personally appear in such a case, his security or bail will be liable for the amount which the plaintiff in the action may recover against him.   7 Johns. R. 381.   1 Cowen, 242, 254.   After the adjournment before the justice, and pre-

NEW-YORK,
May, 1831.

Martin
v.
Wood.

vious to the day to which the cause was adjourned, Lasher was arrested upon the *ca. sa.* of the plaintiffs, and committed to prison. The object of the *habeas corpus* was to allow him to appear personally before the justice in exoneration of his bail or surety.

The writ was probably allowed by the judge, from the analogy existing between this case and the case of a defendant in custody, either upon civil or criminal process, who may be brought up upon *habeas corpus,* in order that he may be surrendered in discharge of his bail. The practice in such cases is perfectly well settled, even where the principal is in custody on a charge of murder, or is under sentence of transportation. 7 T. R. 226. 15 East, 78. 2 Strange, 1217. 4 Burr. 2034. 3 East, 232. 1 Strange, 641. 1 Willes, 248. 1 Burr. 339. 3 Bos. & Pul. 550. *Bignel* v. *Forrest,* 2 Johns. R. 482. 1 Archb. Pr. 285, and cases there cited. 2 Archb. 168. 1 Tidd's Pr. 298. 1 Dunlap, 209. Mr. Archbold states the practice to be, that where the principal is in custody upon an execution in a *civil suit,* the bail are entitled to bring him up upon *habeas corpus,* for the purpose of surrendering him, *as a matter of course;* and the writ in such case may be sued out in vacation, and be made returnable before a judge at chambers. 1 Archb. 285. 2 id. 168. 3 Burr. 1875. Where the principle is in custody *on a criminal charge, or conviction,* application must be made to the court for leave to sue out the *habeas corpus.*

I know no mode in which the rights of the surety of the defendant in the execution could have been saved except the one adopted. It is in principle precisely analogous to the case of bail; and the benign spirit of the common law allows of the extension and application of established principles to new cases, as they arise. The writ was adapted to the particular exigency of the case. It directed the prisoner to be carried before the tribunal, where it was necessary he should appear, in order to save the rights of his bail. It was, in this respect, in the form of a *habeas corpus ad testificandum.* 5 Cowen, 176.

There appears to me to be no force in the objection that the appearance of Lasher before the justice, in the custody of the sheriff, upon the *habeas corpus,* was not a valid appear-

ance under the 5th section of the $50 act, and that the ha-
beas corpus therefore was unavailing, and of course, as the
counsel for the plaintiffs contends, illegal and unauthorized.
This objection will appear to be entirely unfounded, by ad-
verting to the mode in which a surrender is made under sim-
ilar circumstances in exoneration of bail, as pointed out by
Mr. Archbold. 1 Archb. Pr. 285. 2 Archb. 168.

The plaintiff was properly nonsuited, and the motion for a
new trial must be denied.