## SUPREME COURT.

The People *ex rel.* Wm. H. Burroughs agt. James C. Wil-lett, Sheriff.

An action on the custom against an innkeeper for the loss of the baggage of his guests, is founded on *tort*.

It is not for injuring or for wrongfully taking, detaining or converting personal property, but the gist of the action is the negligence in keeping the property.

In such an action, a defendant may be held to bail under the Code, (§ 179, *Subd.* 1,) when he "is not a resident of the state, or is about to remove therefrom," it being "a cause of action not arising on contract."  When he has not been ar-rested before judgment, an execution cannot properly be issued against his body (*Code,* § 288) on the judgment without an order of the court.

Such a judgment does not show a case for arrest, inasmuch as it does not show the non-residence of the defendant, or his intent to depart from the state.

The regularity and propriety of such an arrest may be inquired into on *habeas corpus* (2 *R. S.* 568, § 41, *Subd.* 4 *and* 6.) *Bank of U. S.* agt. *Jenkins,* (18 *J. R page* 305,) examined.

A defendant so imprisoned may be discharged on *habeas corpus*, if it appear that the process on which he is detained (1) "has been issued in a case not allowed by law, (2 *R. S.* 568, § 41, *Subd.* 4,) or, (2), "where the process is not authorized by any judgment order or decree of any court, nor by any provision of law." (*Ibid.*)

*New - York Special Term, September*, 1857.

THE facts sufficiently appear in the opinion which was rendered a few days before Judge PEABODY left the bench.

> JOHN E. BURRILL, *for relator*.
> CHARLES TRACY, *for defendant*.

PEABODY, Justice. Motion for discharge of the relator on *habeas corpus*.

He is detained by virtue of an execution against his body issued on a final judgment against him. The judgment was recovered for the value of a travelling bag and contents, deposited with him for safe keeping, as innkeeper of the Irving House, in this city, the plaintiff therein being a guest at said house. The action was brought upon the custom of this state, which is alleged to be, that the innkeepers are bound to keep safely such property for their guests. The breach alleged for which the judgment is recovered is, that " defendant did not keep said bag and contents safely and without diminution, but on the contrary, he and his servants so negligently and carelessly behaved and conducted, that said bag and contents were by mere carelessness of defendant and his servants, carried away by some person unknown, and were wholly lost to plaintiff."

On this judgment an execution against the body of defendant was issued, on which he is now in custody. The question on which the legality of the imprisonment depends is, whether the execution against his body was authorized by the judgment. But there is a preliminary question here, viz: whether the regularity or propriety of that process can be inquired into in this proceeding on *habeas corpus*. Section 22, subd. 2, of the *habeas corpus* act, (2 *R. S.* 563,) provides that

persons detained by virtue of the final judgment of any com-
petent tribunal, or of any execution issued on such judgment
or decree, are not entitled to prosecute the writ. It is said
that the relator comes within this class, and, therefore, cannot
prosecute this writ. Whether he is held by virtue of an exe-
cution on a final judgment of a competent tribunal, is the
question raised by the preliminary objection, and the question
on the merits is very much the same. The mere claim that
he is so held should not, I think, conclude me. There is a case,
however, in 18 *John's Rep. p.* 305, (*Bank of U. S.* agt. *Jen-
kins,*) which seems to indicate that a writ of *habeas corpus* is
not the proper remedy for a person detained in this manner,
and that is the principal authority on the subject. There is a
difference in the cases, however. In that case, as in this, the
principal question was, whether the *capias ad satisfaciendum*
was regularly issued. There the objection to the regularity
was, that the foundation for it had not been laid by a previ-
ous execution against the property to the proper county.
Here the objection is, that it is not warranted by the judg-
ment in its own nature. In those days, an execution upon a
judgment was issued by the court, theoretically at least. It
had to be sealed and signed by the clerk. Now, it is not even
in theory issued by the court, but by the party or his attorney.
That case, moreover, seems to have been but little considered.
The court before whom it was brought had just denied the same
relief on motion in the suit, or rather had granted it on terms
which the applicant would not accept, and although the court
said unconditionally, the writ was not the proper remedy, they
did, nevertheless, on the same motion, direct the order previ-
ously made to be modified so as to give all the relief sought.
It was, therefore, an election of the court in which way it would
give the relief, perhaps, or a refusal to review on this writ a
decision just made in a different proceeding, rather than an
adjudication against the propriety of the writ which should
be deemed an authority that it is not a proper remedy in such
a case. The relief asked was granted, but was credited
to the account of a motion previously made and decided,

rather than to that of the writ itself, although that was the only proceeding before the court at the time. Moreover, that case was before the Revised Statutes, under an act of 1813, not entirely similar to the present act. I am not inclined, under all the circumstances of that case, to defer to it as a controlling authority, but I shall examine to see whether the relator is detained by virtue of an execution upon a judgment of a competent tribunal. I am more ready to adopt this course because I find in § 41 of the same act, (2 *R. S.* 568,) that a person may be discharged on this writ from custody by virtue of civil process from a court legally constituted (*Subd.* 4,) when the process, though in proper form, has been issued in a case not allowed by law : (*Subd.* 6,) " when the process is not authorized by any judgment, &c., of any court, or any provision of law." Whether process which is set up as a justification for detention, has been issued in a case allowed by law, and whether it is authorized by any judgment of a court; therefore, I am authorized by those provisions of the statute to inquire, and a decision of these questions, is all that will be necessary to dispose of the matter before me.

The judgment and execution are before me, and the remaining question is, whether, on the whole, this execution on such a judgment is authorized in law. The suit was brought to recover the value of certain articles, on the ground that the defendant was bound by the custom of this state to receive and safely keep the property of his guests, and that having received that of the plaintiff he kept it so negligently that it was lost. This custom of the realm would seem in the absence of express contract to take the place of it, and an action for not preserving the property according to it would seem to be in the nature of an action for breach of contract. But on a more careful consideration, the grounds of the action appear to be not the failure to keep safely and restore the property, which would probably be only a breach of implied contract, but the negligent, careless and improper behavior and conduct of the defendant, the wrongful (tortious) conduct of defendant and his agents, (negative perhaps, to be sure, but nevertheless

wrongful and tortious,) by which the property was lost to the plaintiff. This negligent, careless, and therefore wrongful and tortious conduct, rather than the failure to fulfil the contract, is the ground of the action.

(*See Burkle* agt. *Ellis and al.,* 4 *How. Pr. R.* 288; *The Bank of Orange Co.* agt. *Brown and others,* 3 *Wend.* 158; *Bretherton* agt. *Wood,* 3 *Brod. and Bing.* 54; 2 *Lord Raymond,* 909; 2 *Ct. Pl.* 155 *and* 320; *Hallenbaek* agt. *Fish,* 8 *Wend.* 547; 4 *do.* 618.)

In the cases above cited, it is settled that an action on the custom is founded on the tort or misfeasance, and not on the contract, express or implied, which often attends the transaction, and is in many of the cases given in evidence. It is often difficult to determine whether the action is on the contract or on the custom, and the confusion in the cases, seems to have arisen from the difficulty in ascertaining which constituted the basis of the action, the custom or the contract, rather than whether an action ascertained to be on the custom was founded on tort or on contract. (3 *Wend.* 168.)

The suit against Burroughs being the custom, was founded on tort; the judgment record shows this fact. With this fact apparent, was the execution properly issued against the body of defendant? Under the non-imprisonment act, (*Laws of* 1831, *p.* 396,) by which this question would have been controlled, prior to the Code, he would have been liable to arrest, for, under that a defendant in an action in tort could be held to bail. (*Burkle* agt. *Ellis,* 4 *How. Pr. R.* 288.) But by the Code, which now embraces the law on the subject, the only provision under which there is any pretence for the claim is contained in section 179, subdivision 1, which authorizes the arrest of a party, "In an action * * * * * on a cause of action not arising out of contract, where the defendant is not a resident of the state, or is about to remove therefrom, or where the action is for an injury to person or character, or for injuring or wrongfully taking, detaining or converting property." It does not appear that the defendant is not a resident of this state, or being so, is about to remove therefrom, nor does it ap-

The People ex rel. Burroughs agt. Willett.

pear that the action is for an injury to person or character, or for wrongfully taking, detaining or converting property, and it only remains to be considered whether it is for injuring prop- erty. On this subject the decision of the superior court in *Tracy* agt. *Leland*, (2 *Sandf. S. C. R.* 729,) which has not, that I am aware, been overruled, seems to relieve us of all doubts, and leads to the conclusion that this is not an action for an in- jury to property. The relator was not liable to arrest by the judgment as entered at any rate, without an order from a judge, and whether it was a proper case for an order cannot be de- cided here, for the facts do not appear. He certainly was not, in the view I have taken of the case, unless some other fact, such as non-residence or an intent to remove from the state, be superadded to all that appears in the judgment record be- fore me. He could not, therefore, have been arrested on the facts shown to me under sections 179 and 181, before judgment, and it follows from section 288, that he was not properly ar- rested on the judgment obtained in that suit, and he, therefore, must be discharged.

My conclusions are :

*First*—That in this writ of *habeas corpus*, I am authorized to inquire,

1. (2 *R. S.* 568, § 43, *subdivision* 4.) Whether the pro- cess though proper in form, is allowed by law, in this case ; and,

2. (*Ibid, subdivision* 6.) Whether the process is authorized by a judgment, order or decree of a court, or by a provision of law.

*Second.*—That an action on the custom against an innkeeper or common carrier, is founded in tort or misfeasance, and not on contract.

*Third.*—That in such an action, a defendant cannot prop- erly be held to bail, except under section 179, by order of a judge, on proof, *in addition to the facts constituting the cause of action*, that defendant is a non-resident of the state, or is about to remove therefrom.

*Fourth.*—That as the record of judgment in such a case does

not show all the facts necessary to authorize an arrest in the suit before judgment, execution against the body cannot properly be issued on it, at least without the order of a judge, and on proof of the additional facts required to entitle the plaintiff to it.