The People of the State of New York ex rel. W. M. K. Olcott, District Attorney of the County of New York, Appellant, v. The House of Refuge for Women at Hudson, N. Y., Respondent.

*Females — when they may be sentenced for a felony to the House of Refuge at Hudson — section 698 of the Penal Code, as amended by chapter 374 of 1896, was not repealed by section 146 of chapter 546 of 1896.*

Section 698 of the Penal Code, as amended by chapter 374 of the Laws of 1896, providing that any woman over the age of sixteen years who shall be convicted of a felony shall, when the sentence imposed is less than one year, "be committed * * * to a house of refuge for women," was not impliedly repealed by section 146 of chapter 546 of the Laws of 1896 (the State Charities

Law), which provides that females between the ages of twelve and twenty-five years, convicted of certain specified misdemeanors, may, in certain cases, be sentenced to the House of Refuge for Women at Hudson, and that "the term of such sentence and commitment shall be five years, but such female may be sooner discharged therefrom by the board of managers."

APPEAL by the relator, W. M. K. Olcott, as district attorney of the county of New York, from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Albany on the 12th day of June, 1897, denying his application for a writ of peremptory mandamus requiring the defendant, The House of Refuge for Women at Hudson, to receive into its custody and to imprison and confine one Emeline Walker, a female of twenty-four years of age, convicted of the felony of robbery in the second degree in the Court of General Sessions of the Peace of the City and County of New York, and sentenced for the term of eleven months to said house of refuge by a judge of said court, pursuant to the provisions of section 698 of the Penal Code, as amended by chapter 374 of the Laws of 1896.

The authorities of said institution having refused to receive the prisoner, the relator applied for a writ of peremptory mandamus compelling them to do so, and from the order denying such application this appeal is taken.

*W. M. K. Olcott* and *John D. Lindsay*, for the appellant.

*J. Rider Cady*, for the respondent.

PUTNAM, J. :

The question presented on this appeal is whether or not section 146 of chapter 546 of the Laws of 1896, constituting a part of the State Charities Law, has the effect of repealing section 698 of the Penal Code, as amended by chapter 374 of the Laws of 1896, no express repeal being contained in the former statute.

Section 698 of the Penal Code, as amended, provides as follows : " Any woman over the age of sixteen years who shall be convicted of a felony in any of the courts of this State shall, when the sentence imposed is one year or more, be sentenced to imprisonment in the State prison for women at Auburn. When the sentence imposed is less than one year she shall be committed to the county

256 PEOPLE ex rel. OLCOTT v. HOUSE OF REFUGE.

THIRD DEPARTMENT, NOVEMBER TERM, 1897.        [Vol. 22.

jail of the county where convicted, or to a penitentiary or to a house of refuge for women." This amendment took effect April 22, 1896.

The State Charities Law, section 146, which took effect October 1, 1896, as above amended, reads as follows :

" A female between the ages of twelve and twenty-five years, convicted by any magistrate of petty larceny, habitual drunkenness, of being a common prostitute, of frequenting disorderly houses or houses of prostitution or of a misdemeanor, and who is not insane, nor mentally or physically incapable of being substantially benefited by the discipline of either of such institutions, may be sentenced and committed to the House of Refuge for Women, at Hudson ; and such females, between the ages of fifteen and thirty years, convicted of like offenses, may be sentenced and committed to the Western House of Refuge for Women, at Albion, or to the New York State Reformatory for Women, at Bedford. The term of such sentence and commitment shall be five years, but such female may be sooner discharged therefrom by the board of managers.    *    *    * "

The section last-above quoted is a substantial re-enactment of provisions contained in chapter 704 of the Laws of 1892, in force at the time of the passage of both of the acts under consideration here.

It is urged by the respondent that the section of the Penal Code above referred to was inconsistent with the provisions of the State Charities Law, and was, therefore, repealed by the latter statute. An examination of the State Charities Law shows that, under its provisions, females between the ages of twelve and twenty-five years, convicted of certain *misdemeanors*, if not insane, nor mentally or physically incapable of being substantially benefited by the discipline maintained at the institution, may be sentenced to the House of Refuge for Women, at Hudson, for a term of five years, unless sooner discharged therefrom by the board of managers of said institution ; while the provisions of section 698 of the Penal Code, as amended, provide that any woman over the age of sixteen years, who shall be convicted of *felony*, shall, when the sentence imposed is less than one year, be committed to the county jail of the county where convicted, or to the penitentiary, or to a house of refuge for

women; but when the sentence shall be for a longer term, such female must be committed to the State prison at Auburn.

After a careful examination of the two statutes we have reached the conclusion that no repugnancy nor inconsistency exists between them. It is a fundamental principle of construction that repeals by implication are not favored in law; and that if, by any reasonable construction, the two statutes can stand together, they must so stand. (*Chew Heong* v. *United States*, 112 U. S. 536, 550; *Mark et al.* v. *The State*, 97 N. Y. 572, 578; *People* v. *Koenig*, 9 App. Div. 436.)

We can see no repugnancy or inconsistency in two statutes, one of which provides that members of a certain class called "misdemeanants" may be sentenced to the House of Refuge for Women, at Hudson, while the other provides that persons belonging to another and separate class called "felons" may be sentenced to the same institution. To quote the language of MILLER, J., in *Mark et al.* v. *The State* (*supra*), "They both may be considered as one law, embracing separate provisions as to different classes of cases."

But it is claimed by the respondent that it was the probable intent of the Legislature, in enacting the State Charities Law, to exclude from the said house of refuge all but misdemeanants, whose term of imprisonment depended on good behavior, in order that the inmates of said institution might not be compelled to associate with felons committed on determinate sentences, which, it is claimed, would seriously interfere with the reformatory work carried on therein. We do not perceive that the language of the act indicates any such intention, and we are not at liberty to annul by judicial action a portion of a statute because of some supposed policy of the law-making power. (*Bate Refrigerating Co.* v. *Sulzberger*, 157 U. S. 1, 37.)

This remedy must be sought from the Legislature, and not from the courts. And especially would such a construction be unwarranted in this case, where it appears, by the language of the statute claimed to be repealed, that the Legislature did make a classification in favor of the refuge, and declared that only those whose misdeeds were sufficiently petty to require an imprisonment of less than one year, could be committed to the institution, while felons guilty of the more heinous crimes, and requiring longer sentences, must be sentenced to the State prison.

The above views are strengthened by the fact that, although appended to the State Charities Law was a schedule of laws repealed thereby, section 698 of the Penal Code was not included in said schedule.

Nor do we think the principle that where the whole of a former law is revised by a new statute, and the latter appears to prescribe the only rule which governs the subject, the particulars of the old law in which they differ are regarded as repealed by implication, applies. Section 146 of the State Charities Law, while providing that females between the ages of twelve and twenty-five years, convicted of certain misdemeanors specified in the statute, may be confined in the House of Refuge for Women, at Hudson, does not expressly or impliedly provide that no other class of female convicts shall be imprisoned therein. The statute in question is not a revision of the whole of the former laws. It is not repugnant to section 698 of the Penal Code, and, hence, does not repeal the latter statute.

The view above suggested renders it unnecessary to consider the effect of section 33 of the Statutory Construction Law (Laws of 1892, chap. 677) upon the question under consideration.

We conclude that the order should be reversed and the motion granted.

All concurred.

Order reversed, motion for a peremptory mandamus granted.