(29 Misc. Rep. 251.)

### MAHON v. CITY OF NEW YORK.

(Supreme Court, Trial Term, New York County. October 23, 1899.)

GREATER NEW YORK—PARK POLICE—COMPENSATION.

Laws 1894, c. 741, fixing the pay of members of the police force in cities, does not apply to "park police" appointed by the park commissioners in New York City, under section 690 of the consolidation act, authorizing the appointment of "park police," said chapter being a general statute, and referring only to the force appointed by police commissioners; and hence a park policeman cannot claim compensation thereunder.

Action by Francis Mahon against the city of New York to recover balance of salary claimed to have been withheld. Judgment for defendant.

Benjamin Yates, for plaintiff.
John Whalen and C. W. Ridgway, for defendant.

McADAM, J. The plaintiff was, on January 1, 1895, appointed a member of the park police by the commissioners of parks, acting under section 690 of the consolidation act, which authorized said commissioners to appoint a force known as the "park police." It was distinctively so called that its members might not be confounded with any other police force. The plaintiff served until May 3, 1895, when he was retired. He received compensation for the period served at the prevailing rate paid to the park police, to wit, $1,100 a year. He now claims that, under an act passed in 1894 (Laws 1894, c. 741), fixing the pay of members of the police force in cities, he became entitled to compensation at the rate of $1,400 a year, as fixed by said act for patrolmen; hence he was deprived of $100 of his compensation, and to recover this sum he brings the present action. The simple question involved is whether chapter 741, supra, applies to the force known as the "park police." As the claim arose prior to the charter of the Greater New York, no reference need be made to that enactment. The police department of the city of New York existed long before the department of parks was organized, and when general statutes have been passed relative to the police they have invariably referred to the force appointed by the police commission, and not to that appointed by the commissioners of parks, which department has been the subject of many special enactments in connection with the park commission. The entire course of legislation shows that the two forces were regarded as independent of one another. The police and park departments have always been regarded as independent departments or branches of the city government, each exercising separate control and performing different functions. The act of 1894, supra, in no manner attempts to amend the provisions of the consolidation act, under which the plaintiff was appointed, and neither refers in words or by necessary inference to the park department or its appointees. The legislature, in passing the act of 1894, dealt with the police force of cities, as that subject was generally understood and recognized, independently of any additional force selected by the commissioners of parks or any special board managing and controlling independent branches of the municipal government. The rule is well settled that laws special and local in their application . are not deemed amended or affected by general legislation, except upon the clearest manifestation of an intent by the legislature to effect some change therein, and ordinarily an express repeal by some intelligent reference to the special act is necessary to accomplish that end. People v. Quigg, 59 N. Y., at page 88; People v. Keller, 157 N. Y., at page 97, 51 N. E. 432; Stack v. City of Brooklyn, 150 N. Y., at page 343, 44 N. E. 1032; People v. Keller, 35 App. Div., at page 499, 54 N. Y. Supp. 1015; In re Murray Hill Bank, 153 N. Y., at pages 210, 211, 47 N. E. 300, 301. The proposition involved seems too plain to require any extended discussion. The plaintiff has no cause of action, and the defendant is entitled to judgment.