(65 Misc. Rep. 111.)

LOWMAN v. BILLINGTON, Sheriff.

(Supreme Court, Special Term, Steuben County. November 24, 1909.)

1. STATUTES (§ 154*)—REPEAL—REPEAL BY IMPLICATION.

Laws 1883, p. 464, c. 309, § 1, provided that an officer should be chosen to perform the duties of the surrogate of Steuben county apart from the county judge. Section 2 gave the surrogate, within the county, all powers conferred by law upon the county judge at chambers or out of court. Section 3 provided for the surrogate's election, and section 4 fixed his salary, etc. Section 4 was expressly repealed by Laws 1892, p. 1799, c. 686. Laws 1896, p. 625, c. 548, was a general repealing act, and, when it repealed an entire act, the word "all" was printed in the column showing the number of sections repealed, and it provided that that part of the laws enumerated which was specified in such column was repealed, but the part specified of Laws 1883, p. 464, c. 309, as being repealed was sections "1–3." Laws 1896, pp. 890, 891, c. 908, repealed Laws 1886, pp. 950, 951, c. 659, "§§ 1, 2, 3, 5, 6," and also repealed Laws 1882, pp. 701–707, c. 409, "§§ 312–327, inclusive." Consol. Laws, c. 11, art. 16, enacted in 1909, repealed Laws 1883, p. 464, c. 309, placing the word "all" in the last column specifying the sections repealed. Every surrogate of the county has, since its enactment, construed Laws 1896, p. 625, c. 548, as not repealing section 2, c. 309, p. 464, Laws 1883. *Held*, in view of the fact that section 2 was repealed by the Consolidated Laws and was not specified as one of the sections repealed by Laws 1896, that it was not repealed by that statute.

[Ed. Note.—For other cases, see Statutes, Dec. Dig. § 154.*]

2. STATUTES (§ 158*)—REPEAL—REPEAL BY IMPLICATION.

Repeals by implication are not favored.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 228; Dec. Dig. § 158.*]

3. STATUTES (§ 232*)—REPEALING STATUTE—IMPLICATION.

A general repealing statute should not be construed to repeal by implication a statute so as to take away the jurisdiction of a Surrogate's Court in habeas corpus proceedings, where such a construction would work injustice to a sheriff, who had acted under the direction of such court in placing a prisoner in the custody of his counsel, especially where petitioner was not injured thereby.

[Ed. Note.—For other cases, see Statutes, Dec. Dig. § 232.*]

4. EVIDENCE (§ 43*)—JUDICIAL NOTICE—DECISIONS OF INFERIOR TRIBUNALS.

The Supreme Court will take judicial notice that the present surrogate of Steuben county and his predecessors have construed Laws 1896, p. 625, c. 548, as not repealing Laws 1883, p. 464, c. 309, § 2, giving the surrogate all the powers conferred upon the county judge at chambers or out of court.

[Ed. Note.—For other cases, see Evidence, Dec. Dig. § 43.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. STATUTES (§ 158*)—CONSTRUCTION—REPEAL BY IMPLICATION.

The fact that a statute has for a long time been construed as being in existence is a strong reason for construing it as not having been repealed by implication.

[Ed. Note.—For other cases, see Statutes, Dec. Dig. § 158.*]

6. STATUTES (§ 162*)—REPEAL—GENERAL LAW—GENERAL REPEALING ACT.

A law relating to the offices of county judge and surrogate of a particular county, being a special law, will not be deemed to have been affected by a general repealing statute, unless the intention to do so is entirely clear; the presumption being that the special statute remains an exception to the general statute.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 235; Dec. Dig. § 162.*]

7. HABEAS CORPUS (§ 46*)—JURISDICTION.

Laws 1883, p. 464, c. 309, § 2, gives the surrogate of Steuben county all the powers conferred by law upon the county judge at chambers or out of court. Code Civ. Proc. § 241, gives county judges the powers conferred upon justices of the Supreme Court at chambers or out of court, and section 772 provides that, where an order in an action may be made by a judge of the court out of court, and the particular judge is not specifically designated by the law, it may be made by any judge of the county, or, with certain exceptions, by a Supreme Court justice, or by the county judge of the county where triable, etc. Held, that under section 2 the Surrogate's Court had the same powers as a county judge to entertain habeas corpus proceedings.

[Ed. Note.—For other cases, see Habeas Corpus, Dec. Dig. § 46.*]

8. SHERIFFS AND CONSTABLES (§ 98*)—LIABILITY—EXECUTION OF JUDICIAL WRITS.

If a court had power to issue a writ of habeas corpus, its order, regular on its face, will protect an officer acting in good faith thereunder, even though the writ was erroneously granted.

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. §§ 143–157; Dec. Dig. § 98.*]

9. HABEAS CORPUS (§ 71*)—DISPOSITION OF PRISONER—REMAND TO CUSTODY OF COUNSEL.

Under Code Civ. Proc. § 2037, permitting the court in habeas corpus to either commit the prisoner to custody pending the proceedings and before final order is made upon the return, or place him in such care or custody as the circumstances require, the Surrogate's Court, having jurisdiction to issue habeas corpus, could, pending the proceedings, place the prisoner in the custody of his counsel.

[Ed. Note.—For other cases, see Habeas Corpus, Dec. Dig. § 71.*]

10. HABEAS CORPUS (§ 95*)—PROCEEDINGS—ISSUES.

In habeas corpus to determine the power of a court to render judgment against petitioner and issue a body execution thereon, petitioner may inquire into the proceedings against him and determine whether the execution was properly issued.

[Ed. Note.—For other cases, see Habeas Corpus, Dec. Dig. § 95.*]

11. SHERIFFS AND CONSTABLES (§ 98*)—LIABILITY—ESCAPE.

Defendant, a sheriff, brought a prisoner held on a body execution before a Surrogate's Court, pursuant to a writ of habeas corpus duly issued, and under an order of court regular on its face, issued December 28, 1907, placed the prisoner in the custody of his attorney pending the proceedings, and on January 2, 1908, to which day the proceedings were adjourned so as to give notice to the execution plaintiff, he appeared and raised objections to the writ, and on May 6, 1908, the writ was dismissed, and relator was remanded to defendant's custody, and his attorney directed to surrender him to defendant within 24 hours; but there was

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

considerable delay finding relator, and he was not surrendered to defendant until December 29, 1908. *Held*, that defendant was not liable as for an escape for delivering the prisoner to his counsel under the order.

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. §§ 143–157; Dec. Dig. § 98.*]

Action by Lula Lowman against Jerome S. Billington, as Sheriff of the County of Steuben. Complaint dismissed.

English & Shoemaker, for plaintiff.
William H. Nichols, for defendant.

CLARK, J. On the 3d day of December, 1907, this plaintiff recovered a judgment in the Supreme Court against Max J. Pedrick, Joseph Kostecki, and Nellie Pedrick, in the sum of $643.50, damages and costs, for wrongfully and unlawfully selling to her husband intoxicating liquors after having received written notice forbidding such sale.

On the 5th day of December, 1907, an execution on said judgment was issued against the property of the defendants in said action, which was returned wholly unsatisfied, and on the 16th day of December, 1907, an execution against the person of said Max J. Pedrick was issued on said judgment, and delivered to this defendant as sheriff of Steuben county, whereby he was required to arrest the said Max J. Pedrick and commit him to the Steuben county jail until he should pay said judgment, or until he was discharged according to law. After receiving said execution, this defendant arrested said Pedrick, and committed him to the Steuben county jail, and had him in custody up to the 28th day of December, 1907, when a writ of habeas corpus, granted by the surrogate of Steuben county, acting as county judge, was served upon this defendant commanding him to bring said Max J. Pedrick before the said surrogate, acting as county judge, at chambers in the village of Bath, N. Y. On that date, in obedience to the requirements of said writ, this defendant produced the body of Max J. Pedrick before the surrogate of Steuben county, acting as county judge, and made return that said Pedrick was in his custody by virtue of a body execution against said Pedrick which had been issued by E. C. English, attorney for the plaintiff in the action against Pedrick et al., above referred to, and that he was still in defendant's custody under said mandate.

It appears that no notice of the application for the writ of habeas corpus had been served on the plaintiff or her attorney, and, to give the plaintiff ample opportunity to be represented and heard in said habeas corpus proceedings, the said surrogate, acting as county judge, when the aforesaid writ was returned, December 28, 1907, adjourned the proceedings until the 2d day of January, 1908, at the courthouse in the city of Corning, and directed that notice of the adjournment of the habeas corpus proceedings should be served personally upon E. C. English, plaintiff's attorney, that day, and that such service should be due and timely. In pursuance of said direction, notice of said habeas corpus proceedings and adjournment was that day served upon said

attorney for the plaintiff. At the same time, December 28, 1907, and during the pendency of the habeas corpus proceedings, the said surrogate, acting as county judge, made a written order committing Max J. Pedrick, the relator, to the custody of his attorney, Thomas F. Rogers, Esq. On the adjourn day of said proceedings, the plaintiff appeared specially by counsel and raised various objections, and the matter was held open to give counsel for the relator an opportunity to file a brief; but none was ever filed, and on the 6th day of May, 1908, the said surrogate, acting as county judge, made an order dismissing the writ of habeas corpus, and remanded the relator, Max J. Pedrick, back to the custody of this defendant, sheriff of Steuben county, to be detained by him in the jail of said county under the body execution which had been issued to him, and relator's attorney, Thomas F. Rogers, was directed to surrender said relator to this defendant as sheriff of Steuben county within 24 hours after the service on him of a copy of the order dismissing the habeas corpus proceedings. There was considerable delay on the part of relator's attorney in producing his client, owing, as it was stated, to his inability to get into communication with him; but finally, on the 29th day of December, 1908, the relator Max J. Pedrick was produced and turned over to the custody of this defendant as sheriff, who held him under the body execution above referred to for a period of some six months, and until he was legally discharged; the relator not having been in the custody of the defendant either in the jail or on the jail limits from the 28th day of December, 1907, to the 29th day of December, 1908, inclusive, the defendant having turned the relator over to the custody of his counsel December 28, 1907, in pursuance of the written order of the surrogate acting as Steuben county judge, and the relator having remained in the custody of his counsel from that time until he was returned to the custody of the sheriff, December 29, 1908.

Plaintiff now brings this action against the sheriff for damages, claiming that the defendant as such sheriff permitted said Max J. Pedrick to escape, and alleging that the orders of the surrogate, acting as county judge, both with reference to bringing Pedrick before him, and also ordering him in the custody of his counsel, were absolutely null and void because said surrogate had no power or authority to issue said orders, or either one of them. The plaintiff further claims that the writ of habeas corpus was improvidently granted; that the petition upon which it was granted was entirely insufficient.

First, did the surrogate, in making the orders above referred to, act without authority? Prior to January 1, 1884, the duties of county judge and surrogate in Steuben county had been performed by one person; but by chapter 309, p. 464, Laws 1883, the office of surrogate of Steuben county was created, and it was separate from the office of county judge, and the officer who performed the duties of surrogate was to be separate from the county judge. That law (chapter 309, p. 464, Laws 1883) consisted of four sections. The first section provided that after January 1, 1884, an officer to perform the duties of surrogate of Steuben county should be chosen separate from the county judge. Section 2 of that act was as follows:

"The said surrogate shall, within said county, possess and upon proper application must exercise all powers conferred by law upon the county judge, at chambers or out of court."

Section 3 of said act provided for the election of the surrogate at the general election in 1883, and section 4 fixed the salary to be paid to the surrogate, and also fixed the salary of the county judge.

The contention of the plaintiff is that long before the surrogate granted the writ of habeas corpus, above referred to, chapter 309, p. 464, Laws 1883, had been repealed, and that consequently the surrogate's granting of said writ, and all of his acts in said habeas corpus proceedings, were without authority and were null and void. If it is true that said act was repealed, as claimed by plaintiff, then the surrogate's orders would be of no force, and this defendant could not avoid liability for damages for an escape, for, if the surrogate's orders were made without authority and were void, they would not protect the sheriff, however innocent he may have been in the transaction. I am compelled to disagree with the learned counsel for the plaintiff in his contention that chapter 309, p. 464, Laws 1883, had been entirely repealed when the surrogate entertained the habeas corpus proceedings.

The fourth section of chapter 309, p. 464, Laws 1883, was distinctly repealed by chapter 686, p. 1799, Laws 1892. By chapter 548, p. 625, Laws 1896, which was a repealing act, a great many statutes were repealed. When an entire act was repealed, the word "all" was printed in the last column of the repealing act. When certain sections of an act were repealed, those sections were distinctly specified, as, for instance, Laws 1882, c. 409, pp. 607, 608, §§ 68, 69, were repealed, both being specified; but with reference to chapter 309, p. 464, Laws 1883, which plaintiff contends was repealed by chapter 548, p. 625, Laws 1896, it was printed as follows:

| Laws of— | Chapter. | Sections. |
|---|---|---|
| 1883 | 309 | 1–3. |

Plaintiff contends that it was the legislative intent to repeal sections 1 to 3, inclusive, and the defendant disputes that idea. This very repealing act (chapter 548, p. 625, Laws 1896) distinctly states that of the laws enumerated that portion specified in the last column is repealed. The Legislature did not specify section 2 of chapter 309, p. 464, Laws 1883, as being repealed. It specified sections 1 and 3, and they were repealed by that act. If it had been the intention of the Legislature to repeal section 2, the figure 2 would have been placed between the figures 1 and 3, instead of a hyphen.

To further show that it was not the intention of the Legislature to repeal section 2 of chapter 309, p. 464, Laws 1883, because it was not specified, reference is had to the repealing section of chapter 908, p. 890, Laws 1896, passed by the same Legislature, with reference to chapter 659, p. 950, Laws 1886, that repealed "sections 1, 2, 3, 5, 6," specifying the sections repealed as here indicated. There is no question as to what the Legislature meant in that matter. It meant to repeal sections 1, 2, 3, 5, and 6 of chapter 659, p. 950, Laws 1886. By the same act it repealed certain portions of chapter 409, p. 701, Laws

1882, and in the column of sections repealed it said "312–327, inclusive." It is clear that the Legislature intended to repeal sections 312 and 327 of that act and every section between those numbers; but with reference to chapter 309, p. 464, Laws 1883, that same Legislature never specified that section 2 was intended to be repealed, nor did it use the word "inclusive" after saying in the column of sections repealed "1–3." If the word "inclusive" had followed, as it did in chapter 908, p. 890, Laws 1896, when the same Legislature repealed certain sections of chapter 409, p. 701, Laws 1882, it would have been clear that the legislative intent was to repeal sections 1, 2, and 3; but when section 2 was not specified in the column of sections repealed, and when the word "inclusive" did not follow the figures 1–3, it cannot be construed that the Legislature intended to repeal section 2. But if there was any doubt about the fact that it was the intent of the Legislature to leave section 2 of chapter 309, p. 464, Laws 1883, unrepealed, that doubt was removed by article 16, c. 11, of the Consolidated Laws passed by the Legislature of 1909, when, among laws repealed, it says:

| Laws of 1883 | Chapter 309 | Section All. |
|---|---|---|

It must be borne in mind that the fourth section of chapter 309, p. 464, Laws 1883, was repealed by chapter 686, p. 1799, Laws 1892, and if it was the intention of the Legislature to repeal the remaining three sections of that act by chapter 548, p. 625, Laws 1896, they would have used the word "all," showing that the act was all repealed, or else they would have distinctly specified the sections that were to be repealed, including section 2. They specified sections 1 and 3, but did not specify section 2; but the fact that, by the Consolidated Laws passed by the Legislature of 1909, all of chapter 309, p. 464, Laws 1883, is repealed, requires the construction that section 2 of chapter 309, p. 464, Laws 1883, had never been previously repealed, but was in full force at the time the surrogate of Steuben county, acting as county judge, entertained the habeas corpus proceedings above referred to. The Legislature never having specified that section 2 was repealed, the only way it could be held that it was repealed would be by implication, and repeals of statutes by implication are not favored by the courts. 12 Abb. Cyc. Dig. 228; Mark v. State, 97 N. Y. 572; People ex rel. Olcott v. House of Refuge for Women, 22 App. Div. 254, 47 N. Y. Supp. 767.

It cannot be claimed that this plaintiff has been harmed any by the intervention of the surrogate. The only difference was that she had Pedrick imprisoned under the body execution for six months from December 29, 1908, instead of from December 28, 1907. He evidently had no property and could not pay the judgment, and the court should not construe this repealing clause of chapter 548, p. 625, of the Laws of 1896, so as to work mischief and injustice to the defendant who acted in entire good faith in turning Pedrick over to the custody of his counsel upon orders of a court of competent jurisdiction which appeared perfectly regular upon their face. People v. Mallory et al., 46 How. Prac. 281, opinion. Moreover, I am assisted in the construc-

tion that the law under which the surrogate acted had not been repealed by the fact that it had been construed in a similar way by every surrogate of Steuben county since the passage of the act, and I assume to take judicial notice of the fact that not only the present surrogate, but his predecessors, had uninterruptedly construed the statute in question the same way, and had for years acted on the assumption that the law was still in force, and had acted in place of the county judge, as distinctly authorized by section 2, c. 309, p. 464, Laws 1883, and when there has been a long and uninterrupted practice under a statute, as there has been under this statute, that fact affords not only a proper, but a very strong, rule of construction. Power v. Village of Athens, 26 Hun, 282; Fort v. Burch, 6 Barb. 60; Matter of Board of Street Opening, 12 Misc. Rep. 526, opinion 534, 33 N. Y. Supp. 594.

Chapter 309, p. 464, Laws 1883, was a special law, local in its application, for it had reference to the office of county judge and surrogate in Steuben county, and it cannot be deemed amended or affected by any general legislation repealing statutes, unless the intention is perfectly plain. Mahon v. City of New York, 29 Misc. Rep. 251, 60 N. Y. Supp. 541. And, as above stated, it is not plain here that the Legislature intended to repeal section 2 of the statute under consideration; but the very fact that it was repealed by the Consolidated Laws of 1909, together with the fact that the repealing section of chapter 548, p. 625, Laws 1896, does not specify section 2 as one of the sections repealed, are sufficient reasons to hold that section 2 under consideration was not repealed, and was never intended to be repealed until the passage of the Consolidated Laws of 1909. In addition to that, chapter 548, p. 625, Laws 1896, was a general repealing statute, and it is a universal rule of statutory construction that the later statute, general in its terms, will ordinarily not affect the special provisions of an earlier special statute; the presumption being that the special statute is to be construed as remaining an exception to the general statute, unless the legislative intent to repeal the prior statute is so clear and unmistakable that construction by the court is unnecessary. 26 Am. & Eng. Enc. of Law (2d Ed.) 739.

So, for the reasons above stated, I am clearly of the opinion that chapter 548, p. 625, Laws 1896, did not repeal section 2 of chapter 309, p. 464, Laws 1883, but that said section was in full force at the time the surrogate entertained the habeas corpus proceedings in question, and, that being so, he had the same powers as the county judge would have had under similar circumstances, and the latter would have had the same power as a justice of the Supreme Court, at chambers or out of court, to entertain the habeas corpus proceedings if they had been brought before him. Code Civ. Proc. §§ 241, 772.

It being clear that the surrogate, acting as county judge, had authority to entertain the habeas corpus proceedings, the next question raised by the plaintiff is as to the sufficiency of the petition, writ, etc. So long as the surrogate had power to entertain the habeas corpus proceedings, his orders, regular on their face, and which have been acted on in good faith by a ministerial officer, will be a protection to that officer, even though erroneously granted. Wilckens v. Willet,

*40 N. Y. 521; Perry v. Kent, 88 Hun, 407, 34 N. Y. Supp. 843. The surrogate, having jurisdiction in the matter, had a perfect right pending the proceedings, and before he finally dismissed them, to place the relator in the care of his counsel, as he did by his order of December 28, 1907. Code Civ. Proc. § 2037.

The case Matter of Leggat, 162 N. Y. 437, 56 N. E. 1009, relied upon by plaintiff, is not an authority to sustain his contention here, for the reason in that case the county judge discharged the prisoner in the habeas corpus proceedings without giving the person interested in continuing the imprisonment any notice whatever. In the case at bar the surrogate was quite particular, when he ascertained that the writ of habeas corpus had been obtained without notice to the plaintiff or her counsel to adjourn the proceedings, and required immediate notice to be given to plaintiff's attorney, not only of the fact that the proceedings had been instituted, but of the day to which they had been adjourned, so that he might appear and protect the interests of his client, and such notice was served in pursuance of the order of the surrogate, and on the adjourn day plaintiff was represented by counsel, and made various objections to the regularity of the proceedings. The surrogate did not undertake to discharge the prisoner, and never discharged him, but simply placed him in the custody of his counsel during the pendency of the proceedings, and when he dismissed them remanded him to the custody of the sheriff, and he was returned to the custody of that officer, after considerable delay it is true, but he was returned and was kept in the custody of the sheriff in the jail of Steuben county, or on its limits, until he was legally discharged.

The difference between the Leggat Case, supra, and the case at bar, is so marked that it can have no bearing here. In that case the county judge discharged the prisoner; the person interested in the imprisonment never having received any notice whatever of the habeas corpus proceedings. In the case at bar the plaintiff did have notice of all proceedings after December 28, 1907, and the surrogate never discharged the prisoner, but after dismissing the habeas corpus proceedings remanded him to the custody of the sheriff in the county jail from whence he had been taken under the writ of habeas corpus. By the petition in the habeas corpus proceedings, Max J. Pedrick had challenged the power of the court to render the judgment which had been rendered against him, and issue a body execution thereon, and he had a right to inquire into the proceedings and to see whether the execution was properly issued by way of habeas corpus. People ex rel. Tweed v. Liscomb, 60 N. Y. 559, 19 Am. Rep. 211; People ex rel. Frey v. Warden, etc., 100 N. Y. 24, 2 N. E. 870; People ex rel. v. House of Mercy, etc., 128 N. Y. 180, 28 N. E. 473; People ex rel. Burroughs v. Willett, 15 How. Prac. 210.

It is unnecessary to pass upon the various questions raised as to the sufficiency of the writ of habeas corpus, and the petition upon which it was issued, for the surrogate has already passed upon those questions, and so long as the writ served upon the sheriff and the order of December 28, 1907, directing him to place the prisoner in the custody of his counsel, were regular on their face, and there was nothing about them to put the sheriff on his inquiry, and he acted upon them in good

faith, they must be deemed a protection to him, and his taking the prisoner before the surrogate in obedience to the writ of habeas corpus, which the latter had a right to issue, and then to turn him over to the custody of his counsel during the pendency of the proceedings, in pursuance of an order which the surrogate had a right to make, and which was regular on its face, would not constitute an escape. Wilckens v. Willet, *40 N. Y. 521; Martin v. Wood, 7 Wend. 132.

After a thorough examination of all the authorities bearing on this case and of the facts as disclosed by the evidence, I am convinced that the position of the plaintiff in this case is untenable, that, at the time of the institution of the habeas corpus proceedings in the case of Lowman v. Pedrick et al., section 2, c. 309, p. 464, Laws 1883, had not been repealed, but was in full force, and the surrogate had power, acting as county judge, to entertain the proceedings and to make the order of December 28, 1907, placing the relator in the custody of his counsel during the pendency thereof, and this defendant having acted in good faith under orders served upon him, which were regular on their face, and which had been granted by a court having authority to issue them, must be protected, and the plaintiff has no just cause of action against him, for there was no escape of the prisoner committed to his care under the body execution.

If I am correct in these conclusions, it follows that the plaintiff's complaint must be dismissed, and it is dismissed, with costs.

Findings may be submitted and judgment entered accordingly.