PERRY, Appellant, v. HUGHES, Respondent. (Supreme Court, General Term, Fourth Department. November, 1894.) Action by Jennie M. Perry against John P. Hughes. No opinion. Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. See Sweet v. Norris, 45 Hun, 595, 12 Civ. Proc. R. 175; affirmed, 110 N. Y. 668, 18 N. E. 481.

PILS, Respondent, v. MANHATTAN RY. CO. et al., Appellants. (Supreme Court, General Term, First Department. April 11, 1895.) Action by John Peter Pils against the Manhattan Railway Company and others. Henry J. Hemmens, for appellants. Leo C. Dessar, for respondent.

PER CURIAM. We think the judgment is in all respects right except upon the question of the award made, which, upon the evidence, we think was too high, and that it should be accordingly reduced, and the rental damages fixed at $900, and the fee damages at $1,200; and, as so reduced, the judgment should be affirmed, without costs.

PLATH, Respondent, v. MANHATTAN RY. CO. et al., Appellants. (Supreme Court, General Term, First Department. April 11, 1895.) Action by Ernest Plath against the Manhattan Railway Company and others. James C. Bushby, for appellants. Edwin M. Felt, for respondent.

PER CURIAM. This is the usual action in equity to enjoin the use by defendants of plaintiff's easements of light, air, and access, and for the recovery of past damages caused thereby. The premises in suit are known as "No. 283 Bowery," and are located on the eastern side of that street, 23 feet north of the corner of Houston street. The lot is 26 feet 10 inches in width front and rear, and 75 feet in depth. Upon it is a brick building 60 feet deep, with five stories and basement, having a store on the first floor, and four floors over the store. The basement is used as a barber shop, the store as a wholesale and retail cigar store, and the four upper floors as a lodging house. This building was placed there by the plaintiff and his brother in 1883, at a cost of $25,000, which, together with the sum of $34,000 paid for the lot, would make the cost of the premises in 1883, $59,000. There was testimony given showing the rental history of the building and the fee values of the property, and, after weighing all the considerations in favor of and against an award, the judge at special term fixed the rental damage at the rate of $200 per year for a little over four years, and the lessened value of the premises at $3,500. We think that there was testimony to support the awards thus made, and, there being no other questions than such as have been frequently disposed of, it remains but to affirm the judgment, with costs.

POLLOCK v. PENN IRON-WORKS CO. (City Court of New York, General Term. April 9, 1895.) Action by one Pollock against the Penn Iron-Works Company.

VAN WYCK, J. Judgment affirmed, with costs.

PRYOR, Respondent, v. CHADWICK, Appellant. (Supreme Court, General Term, Fifth Department. April 12, 1895.) Simpson, Harrington & Holman, for appellant. Sickman & Holman. for respondent.

WARD, J. Appeal from a judgment obtained upon a verdict in favor of the plaintiff for personal injuries and from an order denying a motion for a new trial. The verdict for the respondent was $1,500 for injuries caused by the plaintiff's assault, producing a miscarriage, and serious personal injury and suffering. There was no exception taken in the course of the trial, nor any to the judge's charge, or any requests to charge. The appellant now complains of certain portions of the charge, and that the verdict is excessive. Neither contention is sustained. There was proof justifying the jury in finding the verdict, and it cannot be interfered with here. The judge's charge was unobjectionable. The judgment and order denying a new trial should be affirmed, with costs.

PURDY, Appellant, v. MARION & R. V. R. CO. et al., Respondents. (Superior Court of New York City, General Term. May 6, 1895.) John M. Perry, for appellant. Edwin B. Smith, for respondents.

SEDGWICK, J. The learned court below found that this court had no jurisdiction of the action. He found that the plaintiff was a non-resident of this state at the time of the beginning of the action, that the defendant was a foreign corporation, and that the cause of action did not accrue in this state. The action was begun January 23, 1893. The plaintiff testified that he looked around in Brooklyn, in this state, from January 20 to January 30, 1893, for a house, and in January, 1893, concluded to make Rutherford, in the state of New Jersey, his home. He was living in Rutherford when he was looking for a house in Brooklyn. In November, 1892, he lived in Brooklyn, and then went to Rutherford. At that time he did not expect to settle but for a few months. The court below had the duty of considering the testimony of the plaintiff as that of an interested witness. The judge looked at the inferences that were to be drawn from the particular things testified to and the omission to testify to other particulars; and also if there were anything withheld, and what it was, with the motive and the manner of testifying. The finding that he was not a resident of this state must be sustained. The testimony also supported the findings as to the other two prerequisites of jurisdiction. Judgment affirmed, with costs.

ROBERTS et al. v. NEW YORK & N. E. R. CO. et al. (Supreme Court, General Term. Second Department. December, 1894.) No opinion. Reargument ordered. See 31 N. Y. Supp. 577.