JENNIE M. PERRY, Appellant, *v.* JOHN S. KENT and JOHN G. HUGHES, Respondents.

*Jurisdiction, how determined — a court's control of its process — power of a court to decide questions of procedure.*

Jurisdiction of the subject-matter of an action consists in the power to adjudge concerning the questions involved, and is not dependent upon the state of facts which may appear in a particular case nor upon the ultimate existence of a good cause of action in the plaintiff therein.

The court has power to vacate its own process and set it aside at any stage of the proceedings taken, and where it vacates an execution against the person of a defendant and orders his discharge from custody, upon whatsoever ground it may proceed, the sheriff is bound to obey the order of the court.

An action was brought to recover damages for breach of promise of marriage, a judgment was recovered and the defendant in the action was properly committed to jail upon an execution against the person. He gave a bond and was admitted to the liberties of the jail.

Thereafter, on notice to the plaintiff's attorney in that action, a motion was made to vacate the execution, upon the ground that the execution against the person was not issued within ten days after the return of the execution against his property, and that under section 572 of the Code of Civil Procedure the defendant was entitled to be discharged from imprisonment. The court so ordered and directed the sheriff to discharge the defendant therein, which was done.

Immediately upon the defendant's discharge from the jail the plaintiff began the present action against the sureties upon the bond as for an escape.

*Held,* that the question involved upon the motion to vacate the execution was the proper construction of section 572 of the Code of Civil Procedure in a case where no order of arrest had been granted in the action;

That the court had jurisdiction to determine such a question of procedure, and its order made pursuant to such determination was properly obeyed by the sheriff, and that the present action could not be maintained.

APPEAL by the plaintiff, Jennie M. Perry, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Oneida on the 2d day of March, 1895, upon the dismissal of the complaint directed by the court after a trial at the Oneida Circuit before the court without a jury.

*Howard C. Wiggins,* for the appellant.

*Jones & Townsend,* for the respondents.

MERWIN, J. :

On the 17th of March, 1894, the plaintiff recovered in the Supreme Court a judgment against John P. Hughes for the sum of $1,141.79 damages and costs in an action brought by her against Hughes for breach of promise of marriage. The judgment was on that day entered and docketed in Oneida county. On the 17th of April, 1894, an execution was duly issued on the judgment to the sheriff of Oneida county against the property of Hughes, and this was, on the 13th of June, 1894, duly returned wholly unsatisfied. On the 29th of June, 1894, an execution against the person of Hughes was in due form issued to the sheriff, and upon this Hughes was arrested

on the 10th of July, 1894, and committed to the common jail of Oneida county, and there detained until July 14, 1894. Upon that day the said John P. Hughes, together with John S. Kent and John G. Hughes, as sureties, executed and delivered to the sheriff a bond in the penal sum of $2,500, payable to the sheriff or to the plaintiff in the action, conditioned "that if the above-bounden John P. Hughes, so in custody of the above-named sheriff as aforesaid, shall remain a true and faithful prisoner, and shall not at any time or in any manner escape or go without the liberties established for the jail of the county of Oneida, at Rome, N. Y., until discharged by the due course of law, then this obligation to be void; otherwise, to remain in full force and virtue." Upon the execution and delivery of this bond the said John P. Hughes was admitted by the sheriff to the liberties of the jail at the city of Rome, the sureties in the bond having duly justified. Afterwards, and on the 11th of August, 1894, at a Special Term of the Supreme Court held in and for the county of Oneida, and after due notice to the plaintiff's attorney in the action, a motion was made in the action by the defendant John P. Hughes for an order vacating and setting aside the execution against the person, under section 572 of the Code of Civil Procedure, and after reading and filing affidavits and hearing counsel on both sides an order was made in and by which, after a recital that it was conceded that no order of arrest was ever granted in the action, and that plaintiff objected to the jurisdiction of the court to grant the application, and objected that the court did not have the jurisdiction to vacate the execution or set the same aside, it was ordered "that the execution against the person of the said defendant John P. Hughes, now in the hands of the sheriff of Oneida county, and upon which he was arrested and is now confined to the limits of the Rome jail, be vacated and set aside upon the ground that the said execution against the person of the defendant was not issued within ten days after the return of the execution against the property, as provided by section 572 of the Code of Civil Procedure, and that the sheriff discharge the said defendant from further imprisonment under said execution." This order was, on the 13th of August, 1894, duly entered in the Oneida county clerk's office, and a copy duly served on the plaintiff's attorneys in

the action. On the same day a copy, duly certified by the clerk, was served on the sheriff, and he on the same day, in pursuance thereof, discharged the said John P. Hughes. Afterwards, and on the same day, after Hughes went from the jail limits, the present action was commenced against the sureties on the bond. It is claimed that there was an escape, and that the defendants as sureties are liable for the amount of the judgment.

From the order of the Special Term above referred to, the plaintiff in the action took an appeal to the General Term, where the order was reversed in November, 1894 (*Perry* v. *Hughes*, 82 Hun, 614), the cases of *Sweet* v. *Norris* (12 Civ. Proc. Rep. 175 ; 45 Hun, 595 ; 110 N. Y. 668) and *Redner* v. *Jewett* (72 Hun, 598 ; S. C., 54 N. Y. St. Repr. 774) being followed.

The defendants in the present action are claimed to be liable by reason of the act of the sheriff in discharging the defendant in the execution, in pursuance of the order of the Special Term. The claim of plaintiff is that the Special Term had no jurisdiction to make the order, and that it was, therefore, void, and no defense to this action. It is not claimed that if the order was simply erroneous it would not be a protection to the sheriff and the sureties. (*Wilckens* v. *Willet*, 1 Keyes, 524.) The question, therefore, is, did the Special Term have jurisdiction to act?

In the motion made by the defendant in the execution the Special Term was called upon, and it was its duty, to construe the provisions of section 572. In *People* v. *Sturtevant* (9 N. Y. 266) it is said that the duty to decide is the test of jurisdiction. In that case, on the subject generally of jurisdiction, it is said, quoting from *The State of Rhode Island* v. *The State of Massachusetts* (12 Pet. 718): "Jurisdiction is the power to hear and determine the subject-matter in controversy between parties to a suit, to adjudicate or exercise any judicial power over them ; the question is whether, on the case before a court, their action is judicial or extrajudicial; with or without the authority of law, to render a judgment or decree upon the rights of the litigant parties. If the law confers the power to render a judgment or decree, then the court has jurisdiction. What shall be adjudged or decreed between the parties, and with which is the right of the case, is judicial action by hearing and determining it." In *Hunt* v. *Hunt* (72 N. Y. 217) it is held: "Jurisdiction of

the subject-matter of an action is a power to adjudge concerning the general question involved therein, and is not dependent upon the state of facts which may appear in a particular case or the ultimate existence of a good cause of action in the plaintiff therein." In *Pinckney* v. *Hagerman* (4 Lans. 374, 377) it is said of an order setting aside a body execution "that the court had power over its own process to vacate it and set it aside, at any stage of the proceedings under it, cannot be questioned; and it is of no consequence to the question under consideration on what evidence or grounds the court proceeded in setting aside the execution and discharging the prisoner under it. On whatever ground it was made the sheriff was bound to obey the order, and is, therefore, justified in obeying it." In the same case in the Court of Appeals (53 N. Y. 31, 34) it is said : "The court had jurisdiction of the action and complete power and control over the proceedings and process in it, and hence it might set aside this execution as one of the proceedings and as a process in the action."

It cannot well be said that there was here an entire absence of judicial authority to act. (*People ex rel. Cauffman* v. *Van Buren,* 136 N. Y. 252.) Here was an action in the Supreme Court, and a controversy between the parties over the process issued for the enforcement of the judgment. The construction of section 572 of the Code was in dispute, and judicial utterances on the subject were not in entire harmony. The precise question was whether section 572 applied to the case, there never having been an order of arrest granted in the action, and very clearly that was a matter for the court to decide. It was called upon to act in regard to a matter of procedure in the action, and it had full jurisdiction to determine questions of that kind.

We are of the opinion that the Special Term had jurisdiction and that the order made was not void. It follows that the judgment appealed from should be affirmed.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment affirmed, with costs.