In the Matter of the Application of LAURA LEGGAT, Appellant, to Punish WILLIAM V. MOLLOY, Sheriff of Westchester County, Respondent, for Contempt of Court.

HABEAS CORPUS — LIABILITY OF SHERIFF FOR DISCHARGE OF CIVIL DEBTOR FROM IMPRISONMENT — CODE CIV. PRO. § 2038, SUBD. 1. A county judge has no power, upon the return to a writ of habeas corpus, to order the discharge of an executrix, committed to jail for a civil contempt in failing to pay certain sums of money to persons named in a surrogate's decree, where no notice has been given to the persons who have an interest in continuing the imprisonment or restraint, or to their attorney; such an order is void under subdivision 1 of section 2038 of the Code of Civil Procedure, and affords no protection to a sheriff, in a proceeding to punish him for a civil contempt in releasing her from custody, because made by an officer of limited statutory jurisdiction without taking the necessary jurisdictional steps, if the order contains no recital of jurisdictional facts and the sheriff cannot prove such facts by extrinsic evidence.

Matter of Leggat, 47 App. Div. 381, reversed.

(Argued February 27, 1900; decided April 17, 1900.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, made January 9, 1900, reversing an order of the Surrogate's Court of Westchester county adjudging William V. Molloy, sheriff of said county, guilty of a civil contempt of court and imposing a fine upon him of $250, for that he discharged from the county jail of said county Susie Slater Weeks, committed thereto by the mandate and commitment of said Surrogate's Court until she should make payment according to said mandate, without receiving such payment, and dismissing the proceedings.

The facts, so far as material, are stated in the opinion.

*Jacob Marks* for appellant. The County Court had no jurisdiction to make a final order in habeas corpus proceedings discharging the prisoner, in the absence of a return, and notice to the party who had an interest in continuing the imprisonment of the time and place where the writ was returnable.

The failure to comply with the provisions of the Code in this respect was a jurisdictional defect, and makes the order of the County Court absolutely void. (Church on Habeas Corpus, §§ 105, 120, 123; *People ex rel.* v. *Brennan*, 61 Barb. 540; *People ex rel.* v. *Moss*, 6 App. Div. 417; *People* v. *Cassels*, 5 Hill, 167; *People* v. *Pelham*, 14 Wend. 48; *People ex rel.* v. *Frink*, 41 Hun, 188; *People* v. *Walsh*, 21 Abb. [N. C.] 299; *People ex rel.* v. *Grant*, 111 N. Y. 584; *People ex rel.* v. *Warden, etc.*, 100 N. Y. 20; *People ex rel.* v. *Mercein*, 8 Paige, 47; *People ex rel.* v. *Leubischer*, 34 App. Div. 577.) The order of the county judge directing the discharge of the prisoner is void, and affords no protection to the sheriff, as there are no recitals in it that the statutory requirements necessary to confer jurisdiction had been taken, and as no proof was or could be given by the sheriff *aliunde* the order that these requirements had been taken. (*Bullymore* v. *Cooper*, 46 N. Y. 236; *Shaffer* v. *Riseley*, 114 N. Y. 23; *Seward* v. *Wales*, 40 App. Div. 539; *Cable* v. *Cooper*, 15 Johns. 152; *Jackson* v. *Smith*, 5 Johns. 115; Murfree on Sheriffs, § 203; Crocker on Sheriffs, § 605.) The sheriff violated every requirement of the Code regulating the discharge of a person in his custody by habeas corpus proceedings. His acts and knowledge of the irregularity of his proceedings constituted a contempt of court in disobeying the surrogate's commitment which directed him to keep the prisoner in jail until discharged according to law. (Code Civ. Pro. § 14, subd. 1; *People* v. *Stone*, 10 Paige, 606; *Matter of Clark*, 20 Hun, 551; *People ex rel.* v. *Ct. of Oyer & Terminer*, 10 App. Div. 26; *Mayor, etc.*, v. *Pendleton*, 64 N. Y. 622; *King* v. *Barnes*, 113 N. Y. 476; *People ex rel.* v. *Ct. of Oyer & Terminer*, 101 N. Y. 245; *Jewelers' Agency* v. *Rothschild*, 6 App. Div. 500; *Clark* v. *Bininger*, 75 N. Y. 344; *People ex rel.* v. *McKane*, 78 Hun, 154; *People* v. *Walsh*, 21 Abb. [N. C.] 299.)

*Justus A. B. Cowles* and *Charles P. Cowles* for respondent. A ministerial officer is protected in the execution of a

process whether the same issue from a court of limited or general jurisdiction, although such court has not in fact such jurisdiction in the case, provided it appears that the court has jurisdiction of the subject-matter and nothing appears in the process to apprise the officer but that the court also has jurisdiction of the person of the party to be affected by the process. (*Savacool* v. *Boughton*, 5 Wend. 170 ; *Chegaray* v. *Jenkins*, 5 N. Y. 376.) A process, though void as respects the party, if regular and apparently valid on its face, will protect the officer. (*Kerr* v. *Mount*, 28 N. Y. 659 ; *Roderigas* v. *E. R. S. Inst.*, 76 N. Y. 316.) The county judge had jurisdiction to entertain the application for the writ of habeas corpus. (Code Civ. Pro. §§ 241, 2017, 2020.) The county judge in open court ordered the prisoner's discharge, and an order of discharge was duly entered. This was within his judicial powers, and it was the sheriff's duty to obey his command. (*People ex rel.* v. *Sturtevant*, 9 N. Y. 263 ; *People ex rel.* v. *Van Buren*, 136 N. Y. 252 ; *People ex rel.* v. *McKane*, 78 Hun, 154 ; *People ex rel.* v. *Rice*, 144 N. Y. 249 ; *Ketchum* v. *Edwards*, 153 N. Y. 534 ; *Washbon* v. *Cope*, 144 N. Y. 287 ; *O'Connor* v. *Felix*, 87 Hun, 179.) If no notice was given, such failure constituted only an irregularity and it was by no means a jurisdictional defect. (*Arkenburgh* v. *Arkenburgh*, 14 App. Div. 367 ; *Spiehler* v. *Asiel*, 83 Hun, 223 ; *Kelly* v. *West*, 80 N. Y. 139 ; *People ex rel.* v. *Frink*, 41 Hun, 188 ; *Develin* v. *Cooper*, 84 N. Y. 410.)

LANDON, J. We assume that the sheriff, notwithstanding the informality of his proceedings in obedience to the command of the writ of habeas corpus issued to him by the county judge of Westchester county, produced the body of Susie Slater Weeks before the judge, and made return thereto that he held her in custody by virtue of the order of the Surrogate's Court of that county, and a commitment entered by the said Surrogate's Court upon that order and issued to the sheriff, whereby he was commanded to take the body of Mrs. Weeks and commit her to the common jail of his county, and

keep and detain her therein under his custody until she should have fully paid the sum of $935.53 and his fees thereon, or until she be discharged according to law.

The order and the commitment recited that in certain proceedings in the said Surrogate's Court of Westchester county, entitled "In the Matter of the Judicial Settlement of the Account of Susie Slater Weeks, Executrix of the Last Will and Testament of Loretta Slater, Deceased," Susie Slater Weeks had been directed to pay to the persons therein named certain sums of money aggregating $935.53, and that such proceedings had been duly had in said Surrogate's Court as resulted in that court adjudging her guilty of a civil contempt of court for disobedience of the order.

In the body of the commitment, and also indorsed thereon, were the names, among others, of Laura Leggat, this petitioner, and of her attorney, Jacob Marks, with his office address, also the names of the other parties to whom payment was directed to be made, and of their attorneys.

The county judge, upon the production of Mrs. Weeks before him with the order and commitment, and on motion of her attorney and without notice to any of the persons or their attorneys for whose benefit the surrogate had committed Mrs. Weeks, indorsed upon the certified copy of commitment: "Discharged May 31, 1899, SMITH LENT, County Judge," and thereupon the sheriff discharged her.

The next day the county judge signed a formal order which recited the production before him by the sheriff of the body of Susie Slater Weeks and the presentation to him by the sheriff of the order and commitment of the Surrogate's Court, and then proceded : " The county judge having examined the said commitment and order so presented by the sheriff, in response to said writ, and finding the same void upon the face, now, on motion of David H. Hunt, of counsel for relator, it is ordered that said relator, Susie Slater Weeks, be forthwith discharged."

In subsequent proceedings in the Surrogate's Court, instituted by the petitioner herein, that court adjudged the sheriff

guilty of a civil contempt in releasing Mrs. Weeks, and imposed a fine of $250 upon him. The Appellate Division unanimously reversed the order of the Surrogate's Court.

The order of the county judge was in direct conflict with section 2038 of the Code of Civil Procedure, which provides : " Where it appears, from the return to either writ, that the prisoner is in custody by virtue of a mandate, an order for his discharge shall not be made, until notice of the time when, and the place where, the writ is returnable, or to which the hearing has been adjourned, as the case may be, has been either personally served, eight days previously, or given in such other manner, and for such previous length of time, as the court or judge prescribes, as follows :

" 1. Where the mandate was issued or made in a civil action or special proceeding, to the person who has an interest in continuing the imprisonment or restraint, or his attorney."

It is said that the county judge had jurisdiction of the person and of the subject-matter, and that if he thereafter disobeyed the statute it was but an irregularity or error to be corrected by appeal.

The proposition will not stand the test of examination. While the writ of habeas corpus to inquire into the cause of detention is of great antiquity, and the privilege of the writ is protected from suspension by the National and State Constitutions, nevertheless, since the Revised Statutes, the law respecting it has been statutory in form. The revisers remark in their notes " that the law in relation to it should be brought into one general institution." The idea was that the law should be precisely stated, and not exposed to the differing views and modes of expression of different judges. This court said in *People ex rel. Tweed* v. *Liscomb* (60 N. Y. 559) that the provisions of the Revised Statutes were in full accord with the common law. The sections of the Code of Civil Procedure relating to the writ are a re-revision of the provisions of the Revised Statutes in harmony with a supposed more scientific method of expression and with some adjudications.

The judge before whom the prisoner is brought is not a law to himself; he finds the law already written. While section 2031 provides that the judge or court "must, immediately after the return of the writ, examine into the facts alleged in the return, and into the cause of the imprisonment or restraint of the prisoner; and must make a final order to discharge him therefrom, if no lawful cause for the imprisonment or restraint or for the continuance thereof, is shown," still the section 2032 immediately following points out the cases in which the court or judge shall forthwith make a final order to remand the prisoner, and section 2033 provides: "If it appears upon the return, that the prisoner is in custody, by virtue of a mandate in a civil cause, he can be discharged, only in one of the following cases," and then it mentions six cases, but the section does not declare or imply that the judge or court can make an *ex parte* order directing the discharge of the prisoner. Section 2038 plainly forbids it.

It is obvious if the judge or court, upon examining into the facts and cause of imprisonment alleged in the return under section 2031, discovers that the imprisonment is "by virtue of a mandate in a civil cause," as specified in section 2033, that he can make no order for the discharge of the prisoner upon any one of the six grounds specified in such section until the proper notice under section 2038 has been given to the parties in whose favor the mandate was made.

By whatever name called, the subject-matter embraced the right of the parties who had procured Mrs. Weeks' imprisonment to have it continued until she should make the payments directed by the Surrogate's Court. That right was a private right. (*People ex rel. Munsell* v. *Court of Oyer and Terminer*, 101 N. Y. 245.) By section 2038, which follows the spirit of the Constitution, Mrs. Leggat and the other persons benefited by it could not be deprived of it without due process of law, the essential element of which is notice, and, until notice was given to them, the county judge had no complete jurisdiction of them or of the subject-matter.

It is obvious that Mrs. Weeks, in procuring the writ of

habeas corpus, sued to have her liberty adjudged as against the only persons who had an interest to deprive her of it. If she had been in confinement for an alleged crime, the issue, if any, would have been between her and the state. Although in such case section 2038 requires that notice be given to the district attorney, it may be that the only object of that notice is to provide that the judge or court shall have the benefit of whatever information that officer can furnish, not as a condition precedent to full jurisdiction, but as an aid to the proper exercise of it ; and, therefore, if the judge or court chooses to proceed without it, it is at best a mere irregularity, the judge or court being at once the full arbiter of both the right of the prisoner and of the state. We do not decide that this is so — there are cases to the effect that it is not so (*People* v. *Cassels*, 5 Hill, 167 ; *People* v. *Carter*, 48 Hun, 165) — but we refer to such a case to point out more clearly the situation in a civil case between private parties when, by a writ of habeas corpus, the prisoner seeks to have it adjudged against the persons who have procured his imprisonment that they have no right to the remedy or no right to continue it longer.

The judge cannot decide the question as to the prisoner without also deciding it as to the adverse parties in interest; and, until they have had notice, neither they nor their part of the subject-matter has been brought within his jurisdiction. (*People ex rel. Hewlett* v. *Brennan*, 61 Barb. 540 ; *People* v. *Pelham*, 14 Wend. 48 ; *Ex parte Beatty*, 12 Wend. 229.) Jurisdiction is the power to hear and determine the subject-matter in controversy between parties to a suit. (*People ex rel. Davis* v. *Sturtevant*, 9 N. Y. 263.) Where there is a controversy between adverse parties, both have an equal right to be heard, and to secure to them this right notice of the time and place of hearing is necessary, and, hence, section 2038. Jurisdiction, it was said in *Develin* v. *Cooper* (84 N. Y. 410), a case of an insolvent's discharge, consists of three things : *First*, power by law to act upon the general subject-matter ; *second*, jurisdiction of the person of the particular insolvent ; *third*, jurisdiction of the particular case. It is obvious that

unless notice should be given to the adverse parties the third requirement would be lacking.

It is said that the parties aggrieved may proceed to have the order of the county judge vacated. If they should succeed in such an effort it does not appear that they could then find Mrs. Weeks within the state. Whatever they may do to retrieve their lost advantage concedes the loss.

As the order of the county judge was void because made without taking jurisdictional steps enough to complete his jurisdiction to make it, it afforded no protection to the sheriff, because it was made by an officer of limited statutory jurisdiction; it contained no recital of jurisdictional facts, and it was in the nature of the case impossible for the sheriff to prove such facts by extrinsic evidence. He could neither show nor prove regular process, and it was necessary for him to do one or the other. (*Bullymore* v. *Cooper*, 46 N. Y. 241; *Shaffer* v. *Riseley*, 114 N. Y. 23.)

The order of the Appellate Division should be reversed and that of the surrogate affirmed, with costs.

PARKER, Ch. J., O'BRIEN and BARTLETT, JJ., concur; HAIGHT, MARTIN and VANN, JJ., dissent.

Order reversed, etc.