PEOPLE ex rel. ASMUS v. MELODY, Sheriff.

LEVY et al. v. ASMUS.

(Supreme Court, Appellate Division, Second Department. March 4, 1904.)

1. CIVIL CONTEMPT—IMPRISONMENT—HABEAS CORPUS—JURISDICTION—NOTICE.
Code Civ. Proc. § 2038, provides that, where it appears from the return to a writ of habeas corpus that the prisoner is in custody by virtue of a mandate made in a civil action or special proceeding, an order for his discharge shall not be made until notice has been given to the person who has an interest in continuing the imprisonment, or his attorney, of the time and place where the writ is returnable, etc. *Held* that, where a debtor was imprisoned for contempt for failure to appear for further examination in supplementary proceedings, the court had no jurisdiction to discharge the debtor on habeas corpus without notice to the creditors on whose application he was imprisoned.

Appeal from Special Term, Kings County.

William Asmus was imprisoned for contempt in violating an order to appear and answer in supplementary proceedings. From an order granting defendant's release on habeas corpus, Aaron Levy and others, defendant's creditors, appeal. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Edward Lazansky (Joseph J. Corn, on the brief), for appellants.
F. J. Moissen, for respondent.

HOOKER, J. The respondent, William Asmus, failed to appear for further examination concerning his property, in proceedings against him supplementary to execution, and a motion was made to punish him for contempt of court therefor. The motion was granted upon his default, and he was fined, the order containing a provision for his commitment after a default of five days in payment of the amount of the fine. Asmus defaulted, and the commitment was executed. A writ of habeas corpus in his behalf was then issued, directed to the officer in whose custody he was. The return to this writ by the officer stated that he held the relator's body by virtue of a commitment, the original of which was stated therein to be annexed to the return. This commitment stated that the prisoner was in custody by virtue of a mandate issued or made in a civil action or proceeding, and yet without giving notice or directing any to be given to the judgment

creditors, who had an interest in continuing the imprisonment or restraint, or to their attorneys, the court ordered the discharge of the prisoner.   This is an appeal from an order denying the motion of the judgment creditors, subsequently made, to vacate the order discharging Asmus.

In the light in which we view this appeal, it is unnecessary to inquire into the reasons which actuated the learned justice in directing a discharge of the prisoner, and upon the motion to vacate the order of discharge it is not germane to inquire into the merits of the commitment.   The justice was without jurisdiction to discharge the prisoner; the order made in the premises was void, and should have been vacated.   Section 2038 of the Code of Civil Procedure, treating of writs of habeas corpus, reads as follows:

"Where it appears, from the return to either writ, that the prisoner is in custody by virtue of a mandate, an order for his discharge shall not be made, until notice of the time when, and the place where, the writ is returnable, or to which the hearing has been adjourned, as the case may be, has been either personally served, eight days previously, or given in such other manner, and for such previous length of time, as the court or judge prescribes, as follows: (1) Where the mandate was issued or made in a civil action or special proceeding, to the person who has an interest in continuing the imprisonment or restraint, or his attorney," et seq.

The Court of Appeals has recently taken occasion to pass upon the consequences of a failure to give such notice as is mentioned in that section to the persons named in its first subdivision, and it has held that the omission to give such notice deprived the justice of jurisdiction.   Matter of Leggat, 162 N. Y. 437, 56 N. E. 1009.   The court said (page 442, 162 N. Y., page 1010, 56 N. E.):

"By whatever name called, the subject-matter embraced the right of the parties who had procured Mrs. Weeks' imprisonment to have it continued until she should make the payments directed by the surrogate's court.   That right was a private right.   People ex rel. Munsell v. Court of Oyer and Terminer, 101 N. Y. 245, 4 N. E. 259, 54 Am. Rep. 691.   By section 2038, which follows the spirit of the Constitution, Mrs. Leggat and the other persons benefited by it could not be deprived of it without due process of law, the essential element of which is notice, and until notice was given to them the county judge had no complete jurisdiction of them or of the subject-matter."

That case decided the legal question presented by the record before us, and upon its authority we must direct a reversal of the order, and that the motion be granted.

Order reversed, without costs, and writ of habeas corpus dismissed.   All concur.