(98 App. Div. 190)

PEOPLE ex rel. LYMAN v. McADOO, Police Com'r.

(Supreme Court, Appellate Division, Second Department. November 18, 1904.)

1. POLICE OFFICERS—FAILURE TO EXECUTE WARRANT—DEFENSES.

A police officer failing to execute a warrant for the arrest of a person for a crime therein charged cannot justify absolutely by showing that the magistrate issuing the warrant orally requested him not to serve it, though such a defense may be considered in mitigation.

Certiorari by the people, on the relation of James Lyman, to review a determination of William McAdoo, as police commissioner of the city of New York, convicting the relator of charges against him as patrolman. Confirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

F. J. Moissen, for the relator.

James D. Bell (Edward H. Wilson, on the brief), for respondent.

HIRSCHBERG, P. J. The relator, a patrolman in the police department of the city of New York, has been tried and convicted on a charge of failing to execute a warrant duly issued to him, and, for punishment, has been fined 10 days' pay. The warrant was issued by one of the city magistrates, and required the arrest of the person against whom it was directed on the charge of assault upon his wife. The issue and delivery of the warrant to the relator is undisputed, as is also the fact that he failed to serve or execute it—a failure which he attempted to justify by the fact that he withheld the warrant at the complainant's request, and by the advice of the magistrate who issued it. There was no formal withdrawal of the warrant, however, until after the relator ascertained that charges were to be made against him—a period of several months after it was issued.

The only question presented is whether, after criminal process has been regularly placed in the hands of an officer to execute, he can justify the violation of his duty in failing to execute it by pleading that the magistrate by whom it was issued subsequently and privately advised him not to serve it. It is evident that such advice cannot constitute an absolute justification unless the magistrate possesses jurisdiction to order the suspension of the process, and that such advice is to be treated as in effect an order. It can hardly be claimed that the magistrate possessed jurisdiction to prohibit the execution of the warrant after it was lawfully placed in the relator's hands for service, or that his oral directions given thereafter, and in conflict with its requirements, were obligatory. It necessarily follows that the facts disclosed upon the trial of the charges against the relator did not constitute an absolute defense, and that he was properly convicted of a violation of duty. In a somewhat similar case a much stronger justification than is presented herein was held by the Court of Appeals to be no defense. I allude to the case of Matter of Leggat, 162 N. Y. 437, 56 N. E. 1009, where it was held that a sheriff, having the custody of a person committed for contempt, who discharges such person in obedience to the written order of a county judge made on the return of a writ in habeas corpus proceedings, is himself punishable for contempt, where the order for the discharge was granted without the preliminary formalities necessary to confer jurisdiction upon the county judge. The written order, not containing a recital of the jurisdictional facts, was held to be no protection to the sheriff by whom it was obeyed. It cannot be doubted in this case that the relator knew that it was his strict duty to follow the requirements of the mandate which he held, and that the mere word of the magistrate was not controlling to the contrary.

It is easy to be seen that, if written judicial authority could be modified by oral instructions, questions of veracity would often arise which would be very embarrassing for the police department to deal with. The only safe rule is to require the members of the

force to do their duty in accordance with the law, and, if any devi-ation is desired in a given case, to have it manifested in a lawful manner. In this instance, while the relator has necessarily been found guilty, the mitigating features of the case have been con-sidered in the slight penalty imposed, and the result cannot be interfered with by the court without the risk of injury to the main-tenance of discipline in the police service.

I recommend confirmation of the determination without costs. All concur.