AARON LEVY et al., Plaintiffs, *v*. WILLIAM E. MELODY, . Etc., Defendant.

(County Court, Kings County, May, 1906.)

Sheriffs — Liabilities — Escape — Discharge.

The provisions of the Code of Civil Procedure do not require that the sheriff shall give notice to the judgment creditor of an application to discharge upon *habeas corpus* a judgment debtor, committed for disobedience of an order fining him for contempt in not appearing for examination in supplementary proceedings, and the sheriff is not required to have knowledge or notice that the judgment creditor has been notified before he shall obey the writ of *habeas corpus* or the order directing the judgment debtor's discharge.

The jurisdiction of the Supreme Court is always presumed; and its order, discharging on *habeas corpus* a judgment debtor in supplementary proceedings committed as for a contempt, regular and apparently valid on its face, is a protection and defense to the sheriff executing the order of discharge, even though in fact said order was void for want of jurisdiction, because made without notice to the judgment creditor, as required by section 2038 of the Code of Civil Procedure.

Although the order refusing to vacate the discharge of the judgment debtor is reversed on appeal for want of jurisdiction, because made without notice to the judgment creditor, it is still a defense to the sheriff in a subsequent action as for an escape in which the damages are alleged to be the amount of the fine for the non-payment of which the judgment debtor was imprisoned; and a verdict in plaintiffs' favor will be set aside and the complaint dismissed.

ACTION against a sheriff as for an escape. The opinion states the case.

Cohn & Lazansky, for plaintiffs.

Edward Riegelmann, for defendant.

CRANE, J. Prior to October 27, 1903, an order had been obtained from the Supreme Court, Kings county, for the examination in supplementary proceedings of one William Asmus, upon a judgment recovered in the Municipal Court

against him by the plaintiffs and on said day, also December 3, 1903, orders were made and entered on notice fining said Asmus in the sum of $280 for contempt of court in not appearing for examination and directing that, unless said sum was paid within five days after service upon him of the said orders, a warrant of attachment should issue upon the *ex parte* application of said judgment creditors.

The fine not being paid after service of the orders as directed, another order was made and entered on the 14th day of December, 1903, directing the clerk of the county of Kings to issue a warrant of attachment against the said William Asmus directing the sheriff to arrest and commit him to the county jail in close custody until he pay the sum of $280 and appear for and submit to further examination in supplementary proceedings or until he be discharged according to law. The defendant, as sheriff of the county, arrested said Asmus and placed him in jail.

On December 19, 1903, Asmus, by his attorney, procured a writ of habeas corpus, commanding the defendant to bring him before a Special Term of the Supreme Court in this county, which the defendant accordingly obeyed; also making return to said writ that he detained the relator by virtue of the commitment and order heretofore mentioned.

No notice was given to the judgment creditors, the plaintiffs herein, pursuant to the requirements of section 2038 of the Code of Civil Procedure.

The justice presiding at the Special Term, when the judgment debtor was brought before him on the return of the writ, immediately discharged the prisoner, indorsing upon the papers the direction that William Asmus " be discharged upon his being ready at any and all times to submit to an examination in proceedings supplementary to execution under which he was committed as for a contempt and he will submit to said examination."

The provisions of the Code do not require that the sheriff shall give this notice to the judgment creditor of an application to discharge upon habeas corpus the judgment debtor under arrest, and the only knowledge he or his deputy may have had regarding the failure to give notice was the oral

statement made in court, which he may or may not have heard. The papers the sheriff was obliged to have, the commitment, the writ of habeas corpus, petition, return and discharge, were all regular upon their face and no different than they would have been or legally might have been even if notice had been given to the judgment creditors by the attorney for the prisoner. Nothing in the Code requires that the sheriff shall have knowledge or notice that the judgment creditors have been notified before he shall obey the writ. or the discharge. Of course he knew that eight days had not elapsed since the commitment, but the notice to the persons interested in detaining the prisoner could be of such length and manner as the court should direct.

Subsequently the judgment creditors, hearing of the judgment debtor's discharge, applied to the court presided over by the same judge to vacate the discharge and reinstate the arrest on the ground that, having had no notice of the writ of habeas corpus as required, the discharge was illegal; which application, by order of December 23, 1903, the court, having all the parties before it, denied upon the papers and further affidavits submitted and also vacated the order adjudging the debtor in contempt and imposing the fine.

Upon appeal from this latter order of December 23, 1903, refusing to vacate the discharge, the Appellate Division of this department reversed the justice at Special Term, and held that his discharge of the judgment debtor from custody on the writ of habeas corpus without notice to the judgment creditors " *was without jurisdiction and the order made in the premises was void and should have been vacated.*" People ex rel. Asmus v. Melody, 91 App. Div. 570.

The judgment creditors, the plaintiffs herein, have now brought this action against the defendant sheriff as for an escape, stating their damage to be, by section 157 of the Code of Civil Procedure, the amount for the nonpayment of which the debtor was imprisoned, to wit, $280.

The plaintiffs claim that the order of the Supreme Court discharging the prisoner on the return of the writ. of habeas corpus is no protection to the defendant, as it was void and made by a court having no jurisdiction, and rely for this

conclusion upon the cases of Matter of Leggett, 162 N. Y. 437, and People ex rel. Asmus v. Melody, *supra.*

These cases of People ex rel. Asmus v. Melody, and Matter of Leggett, may be better understood in connection with the plaintiffs' claim when a certain few well-settled principles are stated and continued in mind and which are, as I believe, still the law unmodified by those decisions.

*First.* A judgment may be void as to the parties and valid to protect ministerial officers, when the court issuing it had jurisdiction of the subject matter and nothing appears on the face of the process to apprise the officer that the court had not jurisdiction also of the person. Murf. Sher., § 101a; Savacol v. Boughton, 5 Wend. 170; Young v. Stone, 33 App. Div. 261; Wells v. Thornton, 45 Barb. 393; Porter v. Purdy, 29 N. Y. 106–113; Kerr v. Mount, 28 id. 659; Roderigas v. East River S. Inst., 76 id. 316.

*Second.* "Nothing shall be intended to be without the jurisdiction of a Superior Court but that which specially appears to be so; and, on the contrary, nothing shall be intended to be within the jurisdiction of an inferior court but that which is so expressly alleged."

In other words, jurisdiction of the Supreme Court is always presumed, unless the contrary expressly appears; while the jurisdiction of the County Court, an inferior court, is never presumed and must always appear. Gilbert v. York, 111 N. Y. 548; Kundolf v. Thalheimer, 17 Barb. 506; Hutchinson v. Brand, 9 N. Y. 210; Gundlin v. Hamburg Amer. Packet Co., 8 Misc. Rep. 297. As applicable to officials acting under process, see Church Hab. Cor. 267–280; Murf. Sher., § 101a.

*Third.* A sheriff is protected in obeying the mandate of the order (evidently the order of an *inferior court* is meant by the decisions) if it contains a recital of all the facts requisite to the jurisdiction of the court in the proceeding in which the order is made; but if it fails to recite any of such facts, the officer is liable if he discharge the judgment debtor unless he make it appear that the court did, in fact, have jurisdiction to make the order. Shaffer v. Riseley, 114 N. Y. 25; Bullymore v. Cooper, 46 id. 236.

From these rules it would be gathered that the mandate of a court of general jurisdiction, regular and apparently valid on its face, would be a protection to an officer executing it even though, in fact, the mandate was void as to the parties because of the actual lack of jurisdiction of the court; while, on the other hand, the mandate of a court of inferior jurisdiction would be no protection to the officer executing it unless it recited all jurisdictional facts, or the officer could show that the court did in fact have jurisdiction.

It is in accordance with these principles of law that I believe the case of Matter of Leggett, 162 N. Y. 439, to have been decided. The discharge of the prisoner upon habeas corpus in that case was by a court of inferior and limited jurisdiction, so that the facts giving jurisdiction had to appear on the face of the mandate given to the sheriff or else he was obliged to show that the county judge actually did have jurisdiction.

These facts did not appear in his papers, neither could he show jurisdiction, as the county judge did not have it; consequently he was not protected in discharging the prisoner by the order or mandate of the County Court.

The case of People ex rel. Asmus v. Melody, 91 App. Div. 570, although citing the Leggett case, does not mean, I take it, to go to the extent of adopting its conclusions in all particulars as applicable to this case. The court in the Leggett case was dealing with the rights and privileges of an officer; in the Asmus case those of a party. While the opinion in the Asmus case states that the justice was without jurisdiction to discharge the prisoner herein and that the order to that effect was void, it means void as to the parties interested and not as to the sheriff, a ministerial officer, for, as we have seen, an order may be void as to one and not as to the other. As the action was pending in the Supreme Court and the attachment issued out of it so that the court had power over its own proceedings, the word "void" is used here, no doubt, to mean an irregularity requiring reversal.

It is true that in the Leggett case it is said that the court, because of failure to serve the parties in interest, had no jurisdiction of the *"subject matter"* as well as no jurisdiction of the persons. This use of the expression "Jurisdic-

tion of the subject matter " may have been made to dis-
tinguish, instead of to overrule, the case of Savacool v.
`Boughton, 5 Wend. 171, commented on in 21 Am. Dec.
181, frequently referred to in many decisions and relied on
by the court below in the Leggett case.

But I hesitate to find that the Court of Appeals intended
that in a similar case the Supreme Court, for failure to re-
quire notice, would lack such jurisdiction of the subject
matter that the sheriff obeying its mandate to discharge a
prisoner would be unprotected and liable for an escape, the
papers given him being regular on their face. He would be.
justified by the presumption of jurisdiction in the Supreme
Court, which presumption would not attach to the process
of the County Court.

Ministerial officers should not be encouraged to dispute
with superior courts the efficacy of their mandates. The
order of such a court, in every way regular and proper on
its face, should be at the same time an indisputable com-
mand and a complete protection.

As the order to the defendant to discharge Asmus, the
judgment debtor in this case, from imprisonment was regular
and apparently valid on its face and being issued by the
Supreme Court was presumed to be with jurisdiction, it was
·a protection and defense to the officer acting under it.

But, whatever may be the general principles which govern
a case like this, it would certainly seem as though the·Special
˙Term of the Supreme Court which granted the discharge of
Asmus had jurisdiction of the particular action or proceed-
ing in which he was imprisoned. The orders of arrest and
attachment were, after proper notice, made by and issued
out of that court, so that the same court had the power and
thus the jurisdiction to vacate or modify its proceedings at
any time, even if in so doing its action were irregular and
might be reversed on appeal. Pinckney v. Hegeman, 53
N. Y. 31; Perry v. Kent. 88 Hun, 407, affd., 157 N. Y.
410.

For these reasons I shall set aside the verdict for the
plaintiff and dismiss the complaint.

·  Verdict set aside and complaint dismissed,