<hr/>

(160 App. Div. 480)

PEOPLE ex rel. GAMALDI v. WARDEN OF KINGS COUNTY JAIL et al.

(Supreme Court, Appellate Division, Second Department. February 6, 1914.)

1. HABEAS CORPUS (§ 113*)—DIRECTING RELEASE—PERSONS ENTITLED TO APPEAL.

Under Code Civ. Proc. § 2038, one interested in continuing the imprisonment of another can appeal from an order in habeas corpus directing such other's release.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 102–115; Dec. Dig. § 113.*]

2. HABEAS CORPUS (§ 75*)—RETURN.

Code Civ. Proc. § 2026, requiring a return for a writ of habeas corpus, is not satisfied by one made by a person to whom the writ is not directed, or who is not named in the proceeding as a party thereto, or who does not appear to have had, or been entitled to, custody of the prisoner.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 66; Dec. Dig. § 75.*]

3. HABEAS CORPUS (§ 75*)—JURISDICTION.

Compliance with Code Civ. Proc. § 2026, requiring a return to a writ of habeas corpus, and with sections 2031 and 2038, as to steps to be taken after the return, is essential, under section 2066, to jurisdiction of the court in the proceedings.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 66; Dec. Dig. § 75.*]

Appeal from Special Term, Kings County.

Habeas corpus, on the relation of John H. Gamaldi, against the Warden of Kings County jail. From an order for release, Donato Perreco appeals. Reversed, prisoner remanded, and proceedings remitted, with directions.

Argued before JENKS, P. J., and BURR, THOMAS, RICH, and STAPLETON, JJ.

John L. Danzilo, of Brooklyn, for appellant.

Joseph Weber, of New York City (John H. Gamaldi, of New York City, on the brief), for respondent.

BURR, J. [1-3] Donato Perreco, a person interested in continuing the imprisonment of Francesco Lovascio, appeals to this court. from an order of the Special Term of the Supreme Court, sustaining a writ of habeas corpus, and directing the "warden of the Kings county jail, and the sheriff of the county of Kings and any and all other persons having Francesco Lovascio in custody," to immediately release him. He has a standing to prosecute such appeal. Code Civ. Proc. § 2038; Matter of Leggat, 162 N. Y. 437, 56 N. E. 1009; People ex rel. Asmus v. Melody, 91 App. Div. 569, 86 N. Y. Supp. 837. The petition for the writ states that the said Lovascio is incarcerated in the Kings county jail, and asks that a writ of habeas corpus issue to the warden thereof. The writ as issued is directed to said warden. It does not appear upon whom this writ was served, if any one. The order for the prisoner's discharge contains a recital that he was produced before the Supreme Court, but it does not appear by whom, whether the warden, the sheriff of the county, or one of the class described as "any and all other persons having Francesco Lovascio in custody." It does not appear that any notice of these proceedings was given to the appellant during the pendency thereof. It is true that the order contains a recital that the same attorney who appears in this court for the appellant appeared in opposition to the writ, but for whom he appeared is not disclosed.

It does not appear that any one made formal return to the writ. Certain papers are printed in the appeal book, but they are not in the form of a return, and there is nothing to show by whom they were submitted or filed, except that the order contains a recital that it is made after reading "the return made by the clerk of the Municipal Court of the City of New York, Borough of Brooklyn, Second District." As the writ was not addressed to him, as he is not named in the proceeding as a party thereto, and it does not appear that he ever had the said Lovascio in his custody or was entitled to such custody, if these papers might be considered, notwithstanding their defect of form, as a return by him, it was not the return required by the statute, nor from one under obligations to make the same. People ex rel. Barry v. Mercein, 8 Paige, 47. The duty of making the return is imposed upon the one to whom it is directed, and who is restraining the liberty of another. After the return to the writ, the court or judge before whom the prisoner is brought must "examine into the facts alleged in the return" (Code Civ. Proc. § 2031), and, unless this return is traversed, the material allegations therein contained are assumed to be true (People ex rel. Danziger v. P. E. House of Mercy, 128 N. Y. 180, 28 N. E. 473). When it appears from the return to the writ that the prisoner is in custody by virtue of a mandate, an order for his discharge shall not be made, until notice of the time when, and the place where, the writ is returnable, or to which the hearing has been adjourned, has been given to the person who has an interest in continuing the imprisonment or restraint, or to his attorney. Code Civ. Proc. § 2038. Compliance with these requirements is essential to the jurisdiction of the court. Code Civ. Proc. § 2066; Matter of Leggat, supra; People ex rel. Asmus v. Melody, supra.

The order appealed from should be reversed, and the prisoner remanded to the custody from whence he came, and the proceedings are remitted to the Special Term to compel the filing of a return and to proceed in accordance with the requirements of the statute. All concur.