LINDER v. FEIER.

(Supreme Court, Appellate Term, First Department. March 16, 1914.)

EXECUTION (§ 443*)—EXECUTION AGAINST PERSON—VACATION—APPLICATION OF STATUTE.

Code Civ. Proc. § 572, provides that, except where an order of arrest can be granted only by the court if plaintiff unreasonably delays trial or neglects to issue execution against defendant's person within 10 days after the return of execution against the property, and in any event neglects to issue the same after entry of judgment, or when it appears that plaintiff in an action or the judgment creditor in a judgment delays the enforcement of his remedies by collusion, or to allow the debtor to remain in prison under the mandate in any other action before the issuing of the mandate in favor of such creditor, so as to produce a continued and extended imprisonment by virtue of the separate mandates in the different actions, defendant must upon his application be discharged from custody if he has been taken under the mandate against him in such action, or if he has not yet been imprisoned must be relieved from imprisonment by virtue of such mandate, unless reasonable cause be shown why the application be not granted. *Held,* that the statute was only applicable to discharge from an order of arrest, and did not refer to execution against the person, so that failure to comply therewith was not a ground for vacating an execution against the person of defendant in a breach of promise action.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1255; Dec. Dig. § 443.*]

Appeal from City Court of New York, Special Term.

Action by Lena Linder against Isidore Feier. From an order vacating an execution against defendant's person in an action for breach of promise of marriage, plaintiff appeals. Reversed, and motion denied.

Argued March term, 1914, before SEABURY, LEHMAN, and BIJUR, JJ.

Nathaniel H. Kramer, of New York City (Carl Nathanson, of Brooklyn, of counsel), for appellant.

BIJUR, J. The learned judge below wrote a short memorandum to the effect that the motion was granted "for failure to comply with section 572 of the Code of Civil Procedure," citing Perry v. Kent, 88 Hun, 407, 34 N. Y. Supp. 843, affirmed 157 N. Y. 710, 53 N. E. 1130. Section 572, however, both in terms and by reason of the context, is plainly applicable only to discharge from an order of arrest, and has no reference to execution against the person. It was so held in Sweet

v. Norris, 12 Civ. Proc. R. 175, and that case is cited as authority for reversing an order similar to the one herein appealed from in Perry v. Hughes, 82 Hun, 614, 33 N. Y. Supp. 1133. See, also, People ex rel. Harris v. Gill, 85 App. Div. 192, 83 N. Y. Supp. 135.

The decision in Perry v. Kent has no bearing on the question at issue. It held merely that where an order to vacate an execution had been made at Special Term, although reversed by the General Term in 82 Hun, 614, 33 N. Y. Supp. 1133, supra, the release of the defendant by the sheriff from detention in the jail limits did not render the sureties on defendant's bond liable as for an escape, because, although the Special Term order was erroneous, it was, nevertheless, an order within the jurisdiction of the court to make, and until its reversal the sheriff was bound to obey it.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.