NELL WORMAN LANG, Plaintiff, *v.* JACOB S. DREYER, Sheriff of the County of Suffolk, State of New York, Defendant.

Supreme Court, Special Term, Queens County, January 23, 1939.

*Hays, St. John, Abramson & Schulman* [*Sidney Struble* and *Bernard Katz* of counsel], for the plaintiff.

*Stanley Fowler,* for the defendant.

FROESSEL, J. In this action, brought to hold the sheriff of Suffolk county liable as bail, plaintiff moves to strike out defendant's answer and for summary judgment. Defendant, in his opposing

affidavit, seeks not only the denial of plaintiff's motion, but also requests that the complaint be dismissed and summary judgment be granted in his favor. Inasmuch, however, as no counter-motion under section 117 of the Civil Practice Act has been made, the court will make no disposition with regard to such request. (*Kronman* v. *Kronman*, 247 App. Div. 187.)

The papers before me disclose that plaintiff obtained a final judgment of divorce against her husband on June 30, 1930, which contained a provision for weekly alimony at $50. On October 1, 1934, she procured an order of arrest, requiring any sheriff of the State of New York to arrest her husband, and hold him for bail in the sum of $3,000 " by written undertaking executed by two or more sufficient bail * * * to the effect that the defendant will obey the direction of this court." Nearly four years later, namely, on August 5, 1938, this order of arrest was delivered to the defendant sheriff for execution. On August 11, 1938, the sheriff made the arrest and committed the husband to jail.

On August 12, 1938, there were delivered to defendant: (1) An undertaking executed in writing by one person as bail: (2) a written approval thereof by a justice of this court and of this judicial district in the following language: " I approve of the within undertaking as to form, and the sufficiency of the Sureties therein named; " (3) an order signed by the same justice on a printed form of the Supreme Court, Queens County, Special Term, commonly used for the purpose of writing opinions and memoranda, the language of which, following the title of this action, reads as follows:

" To the SHERIFF OF SUFFOLK COUNTY:

" Sufficient surety having been given, you are hereby directed to release and discharge Frank Runyan Lang from your custody and from the Suffolk County jail.

" Dated, *August* 12, 1938."

The defendant thereupon released the prisoner from custody. On August 15, 1938, defendant notified plaintiff's attorneys that " the defendant was discharged on August 12, 1938, pursuant to " the order aforesaid, and said notice inclosed therewith a copy of the bail bond with its approval. Thereupon, and on August 19, 1938, plaintiff procured an order to show cause to punish the husband for contempt and delivered a certified copy to the defendant for service. The defendant returned the said order to plaintiff's attorneys for the reason that he was unable to make service. By notice dated August 22, 1938, plaintiff's attorneys rejected the bail. Thereupon, without moving to vacate or modify the said order, or appealing therefrom, and without taking any other steps in the

matter, plaintiff commenced this action to recover of the defendant the sum of $3,000 fixed as bail in the order of arrest.

Upon the foregoing facts, which are virtually undenied, plaintiff contends that defendant is liable as bail, inasmuch as the undertaking should have been " duly executed by two or more sufficient bail in accordance with and as required by said order of arrest." The defendant takes the position that the approval of the bond together with the order and direction made in connection therewith by the Supreme Court, was a sufficient protection to him, and that the defense alleged in his answer setting forth appropriate allegations in that connection, together with the matters set forth in and attached to his opposing affidavit, at least requires the denial of plaintiff's motion.

It is well settled that the jurisdiction of the Supreme Court is always presumed unless the contrary expressly appears, while the jurisdiction of an inferior court is never presumed and must always appear. (*Levy* v. *Melody*, 50 Misc. 509; *Gilbert* v. *York*, 111 N. Y. 544, 548; *Land Finance Corp.* v. *Jacoby*, 151 Misc. 159; affd., 243 App. Div. 530; affd., 267 N. Y. 600.)

Section 127 of the Civil Practice Act provides that " A direction of a court or judge, made in an action or special proceeding     *     *     * unless it is contained in a judgment, is an order."

Section 129 of the Civil Practice Act " permits a Justice of the Supreme Court, out of court, to make a ' court ' order." This section practically abolishes " the distinction between ' court ' and ' judge's ' orders in the Supreme Court when made by Supreme Court justices." (Revisers' note to said section; *Matter of Rockwood & Co., Inc.*, v. *Trop*, 211 App. Div. 421, 424.)

In view of the foregoing, the defendant sheriff was justified in treating the order of August 12, 1938, as an order of the Supreme Court. An examination of the photostatic copy of the approval annexed to the undertaking in question discloses that above and to the left of the justice's signature appears the following: " (Rule C. P. 25.)" Subdivision 2 of this rule, which relates to undertakings, provides as follows: " The execution by one surety is sufficient, although the word ' sureties ' is used in the statute or rules." It appears therefrom that in approving this undertaking the justice determined that one surety was sufficient. This was a judicial determination, and whether or not it was correct is unimportant here. In addition to said approval, however, the justice made the aforesaid order, again judicially determining: " Sufficient surety having been given." He then expressly directed the defendant sheriff " to release and discharge " the prisoner from the sheriff's " custody and from the Suffolk County Jail."

Under these circumstances, I am of the opinion that the sheriff was justified in obeying this mandate of the court. There is no claim he had knowledge that the approval and order were granted *ex parte*. For all he knew, the parties may have been before the court and acquiesced in this order, without the necessity of following the usual procedure prescribed in the Civil Practice Act. Faced with the mandate of the Supreme Court, which had complete power to grant, modify and vacate an order of arrest, and finally pass upon bail, he was not bound to inquire into the proceedings leading up to the approval and the granting of this order, and was justified as a ministerial officer in obeying it according to its terms. To have done otherwise may have rendered him liable as and for a contempt of court. Nor had he the right to presume to act as a court of appellate jurisdiction to review the determination of this court.

Chief Judge CRANE, while sitting in the County Court, Kings county, stated in *Levy* v. *Melody* (*supra,* at p. 513): " That the mandate of a court of general jurisdiction, regular and apparently valid on its face, would be a protection to an officer executing it even though, in fact, the mandate was void as to the parties because of the actual lack of jurisdiction of the court; " and then (at p. 514): " Ministerial officers should not be encouraged to dispute with superior courts the efficacy of their mandates. The order of such a court, in every way regular and proper on its face, should be at the same time an indisputable command and a complete protection."

In *Rosenblum* v. *Higgins* (240 App. Div. 131; affd., 265 N. Y. 472) an official referee, without power to determine, discharged a prisoner. GLENNON, J., speaking for the court, said: " It may well be that the official referee exceeded his power in directing the deputy sheriff to release the prisoner, since he was directed to hear and report and not to hear and determine. Still, if the deputy failed to comply with his directions, the official referee had the power to cite him for a contempt of court. Notwithstanding some authorities seemingly to the contrary, it is difficult to understand that the legislative intent was to punish a sheriff or jail keeper in the manner described in the act, in a case of the type now under consideration.   *   *   * Since the order has not been modified and is still outstanding, the plaintiff in this case has no cause of action against this respondent." (See, also, *Land Finance Corp.* v. *Jacoby, supra; Block* v. *Farley,* 143 Misc. 785; affd., 236 App. Div. 790; Crocker on Sheriffs [3d ed.], § 605; Correction Law, § 514, formerly Code Civ. Proc. § 157.)

Counsel for the plaintiff has drawn the court's attention to the case of *Hetsch* v. *Bishop* (61 N. Y. Super. Ct. 441) as an authority directly in point. In that case it appears there had been an *ex parte*

approval, by a judge of said court, of the bail furnished by a prisoner under civil arrest, and a release by the sheriff thereupon. It was held that the sheriff could not refuse to receive timely notice of exception by plaintiff (who secured the order of arrest) to the sufficiency of the sureties, and that where the plaintiff has not consented to such approval nor examined the sureties, and insisted on such examination, it was error to refuse to cancel the *ex parte* approval of the undertaking.

That case, in my opinion, has limited application to the facts therein, and can be readily distinguished from the instant case for at least two reasons, *first*, the court whose approval was involved was " created by special statute, of local and limited powers " (*Matter of Jay*, 7 N. Y. Super. Ct. 674), and *second*, there was no order judicially determining that the bail was sufficient and directing a discharge, as in the present case. *Schaffer* v. *Riseley* (114 N. Y. 23), also cited by plaintiff, likewise involved process of an inferior court, and, therefore, has no application. (*Levy* v. *Melody, supra.*)

Accordingly, plaintiff's motion for summary judgment is denied.